TO: CLERK OF The Court:
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
327 S. Court Str.
RockFord, IL 61101

F I L E D

AUG -7 2018

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

Andre Foster # K-75298
Plaintiff,

VS.

John Varga (Warden),
(Steele (Assistant Warden)
And et al.,
Defendants.

CASE No: 18-CV-50018

NOTICE OF FILING
AMENDED COMPLAINT

PLEASE TAKE NOTICE, that on this Day of July 28, 2018
I am sending by mail with postage being Fully paid From
my prison trust Account A $ 1983 civil Complaint in which
is to be Filed with the Clerk of this Court, and served
upon you.

I, certify that on this same Above day I'm mailing
this package From the Dixon Correctional Center, housing
unit: 61 Location, by placing in the prison mail -Box
And sending to the Clerk of the court with postage
being Fully paid And served upon you. with three (3)
Copies herein, Please enclose me one copy back For myself.
Thank you very kindly.
In addition, I am enclosing you
with my New mailing Address:
hereto:) 3828 W. Monroe
Chicago, Ill. 60624

OFFICIAL SEAL
SALLY A. JOOS
NOTARY PUBLIC, STATE OF ILLINOIS
My Commission Expires Jul 12, 2020

Respectfully Submitted,

Andre Foster
Andre Foster # K-75298
2600 North Brinton Ave.
Dixon, IL 61021
Subscribed + Sworn to Before me
this 28th Day of July, 2028.
Sally Joos

P.S. This will be my New Address
on August 10, 2018, upon my release
From Dixon Corr. Center...

OVER——>

PROOF OF SERVICE

I, _Foster, Andre_____, state that I served a copy of the document to which this affidavit is attached upon each party, or, if represented by counsel, upon the attorney of record for said party(ies) by enclosing the same in a sealed envelope plainly addressed as is disclosed by the pleadings of record herein and by depositing each of such envelopes in the box designated for United States mail at _Dixon_____ Correctional Center, _Dixon_, Illinois, together with the appropriate request to the prison official responsible to affix fully prepaid postage thereon, on this _____ day of _July 28_____, 20_18_

_andre Foster_____ ✗
Signature

VERIFICATION

I, _Foster, Andre_____, the undersigned, certify and state that:

1. I am the (Petitioner/~~Respondent~~ _Plaintiff_) in the above captioned legal matter.

2. I have read the foregoing application and have knowledge of its contents;

and _Sending by mail this # 1983 Civil Suit to the Clerk of this Court by mail with postage being Fully paid For_

3. Under penalties as provided by law pursuant to sec 1-109 of the Code of Civil _/ From his prison_ Procedure, I certify that the statements set forth in the foregoing motion and this _trust account_ affidavit are true and correct except as to matters therein stated to be on information and belief, and as to such matters I certify that I believe the same to be true.

✗ _andre Foster_____
(Your signature)

_ON BACK_
_OVER_

<u>NOTICE: PROOF OF SERVICE</u>

Please take Notice, that Andre Foster (Plaintiff) have Filed the attached (Plaintiff, Andrea Foster #K-75298) Request Motion For The Court To Consider), On this ___7___ Day of __28__, 2018. This by depositing same in the Mail-box at the Dixon Correctional / Center, 2600 North Brinton Ave. Dixon, IL, 61021. Also, enclosed with the Filing of the Amended §1983 Civil Complaint herein. Along with three Copies enclose.

TO: The Clerk of The Court

    UNITED States District Court,
       327 S. Court Street,
Rockford, IL 61101.

P.S. Send to me one Copy File & Stamp For my personal use. Thank You Kindly.

NOTARY: _____

STATE OF _____
COUNTY OF _____

Sworn to (or affirmed) and subscribed before me this 28 day of 7, 2018, by Andre Foster

_____ Sally A. Joos
Notary Public's Signature    Notary Name
My Commission Expires on _____

OFFICIAL SEAL
SALLY A. JOOS
NOTARY PUBLIC, STATE OF ILLINOIS
My Commission Expires Jul 12, 2020

Respectfully Submitted,
/s/ Andre Foster
Andre Foster
# K-75298

Also, enclosed: with my release New address For August 10, 2018, Address: 3828 w. Monroe chicago, IL 60624

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**WESTERN DIVISION**

_____

Andre Foster
#K-75298,

_____ Plaintiff,

(Enter above the full name
of the plaintiff or plaintiffs in
this action)

vs.                          Case No: _18-CV-50018_

(To be supplied by the Clerk of this Court)

John Varga (Warden); Steele
(Assistant Warden); NPckaus
Sonja (program warden); John Doe
(Carpenter/Maintenance Supervisor);
Robert E. Pickens (CEO of Securus
Technologies Inc./Vendor Cooperation)

(Enter above the full name of ALL
defendants in this action. Do not
use "et al.")   Cont... Next pgs 1-22, (paragraphs 1 through 60)

**CHECK ONE ONLY:**        **AMENDED COMPLAINT**

____✓____   **COMPLAINT UNDER THE CIVIL RIGHTS ACT, TITLE 42 SECTION 1983
U.S. Code** (state, county, or municipal defendants)

_____   **COMPLAINT UNDER THE CONSTITUTION ("BIVENS" ACTION), TITLE
28 SECTION 1331 U.S. Code** (federal defendants)

_____   **OTHER** (cite statute, if known)

_BEFORE FILLING OUT THIS COMPLAINT, PLEASE REFER TO "INSTRUCTIONS FOR
FILING." FOLLOW THESE INSTRUCTIONS CAREFULLY._

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS WESTERN DIVISION

Andre Foster (#k-75.298)
          Plaintiff,

V.

John Varga (Warden)
Steele (Assistant Warden)
and et al.,
          Defendants.

Case No.: 18-CV-50018

Judge: Frederick J. Kapala

Plaintiff's (Andre Foster's) Request
Motion For the Court to Consider

Now Comes Plaintiff Andre Foster, Pro Se, and at this time he is
proceeding without the Aid of Legal Counsel but only with the
small-Aid of a Library Clerk at this present time.
          And in this Request he states as Follows:
          1). On or about the month of ▮▮▮▮ 1-18, 2018, that,
the Plaintiff A. Foster submitted his §1983 Civil-Complaint by mail
to this Court, and on or about between June 22 of 23, 2018 this
Plaintiff received the Court written Order (statement) being dated
For June 21, 2018;
          2). That Order dated For June 21, 2018 gave noticed to
Plaintiff Foster that he would be allowed to File an Amended
Complaint §1983 (assuming he believes that he can state a
plausible claim) pg 1 of Said order by Honorable Judge:
Frederick J. Kapala, your Honor.
          3). And From the Court's Order dated June 21, 2018
Plaintiff had been allowed up until or given til July 23, 2018
to be allow by this Honorable court to resubmit his or File his
Amended Complaint to this Court;
          4). But, do to Plaintiff, Foster's current placement
here at the Dixon Correctional Center, and its difficulty in
getting to the law Library because of its prison population and
the amount of individuals who are place on the law Library list

1.

before this Plaintiff and their written dead-lines before this Plaintiff.

5) Dixon prison population are for over 2,500 hundredths inmates and there are a large number of inmates that attend the law library daily (6 days out of a week accept for on Sundays.

6). Foster knew based upon the prison population that he would not be able to meet the July 23, 2018 deadline, base upon the Court's order being dated for June 21, 2018.

7). Foster then alerted one of the Library clerk's by the name: Jeff informing him of his deadline date by this Court for July 23, 2018. it was then this Law Library clerk immediately filed al request for Foster seek for an extention of time. in order to put together Foster's § 1983 Complaint to help him to be able to state a claim(s) base upon many of the facts that took place and etc...

8). Here, this Plaintiff, Foster respectfully prays and request that this Court allow and grant him the additional time that's needed to Amend his § 1983 civil complaint, and grant this request loud Filing past July 23, 2018, and to allow him (Plaintiff) to go forward with his § 1983 civil complaint as to the July 23, 2018 due date, as this Plaintiff Foster is enclosing his Amended complaint herein and mailing to the Clock of The Court, on this date below. And accept his late filing Petition Civil Complaint in order to receive as a matter of fundamental fairness and in the spirit of the law and interest of Substantial justice. Do to Plaintiffs serious nature of injuries.

Dated: July 28, 2018

NOTARY:

STATE OF ILL
COUNTY OF Lee

Sworn to (or affirmed) and subscribed before me
this 28 day of 7 , 2018, by Andre Foster

_Sally A. Joos_          _Sally A. Joos_
Notary Public's Signature       Notary Name
My Commission Expires on  7-12-2020

OFFICIAL SEAL
SALLY A. JOOS
NOTARY PUBLIC, STATE OF ILLINOIS
My Commission Expires Jul 12, 2020

Respectfully Submitted
/S/ Andre Foster
Andre Foster # K-7529B
2600 N. Brinton Ave.
Dixon, IL 61021

On August 10, 2018, this will be my New place of Address:

3828 W. Monroe
Chicago, IL. 60624

(2.)

(A) Plaintiff, Foster, A. will be release from Prison

VS.

Cont. For pgs 1 of 2 Follows:

Wexford Health Sources Inc.,
(Insurance Cooperation);

Mershon Kristina (Nurse Practitioner);

Amber Allen (H.C.A.);

Susan Tuell (Nurse Practitioner)

Niki Mc Cluskey (R.T.);

Jane Doe(s); John Doe(s) (Nurses & Dr)

R. Wildman (Dixon C.C. Counselor)

Defendants.

being sued in their individual and official capacities,
as Follows: 1-22 pgs, (paragraphs 1 through 60.)

2.

I. **Plaintiff(s):**

A. Name: _Audre Foster_

B. List all aliases: _Ø_

C. Prisoner identification number: _# K-75398_

D. Place of present confinement: _Dixon Correctional Center_

E. Address: _2600 North. Brinton Ave, Dixon IL 61021_

(If there is more than one plaintiff, then each plaintiff must list his or her name, aliases, I.D. number, place of confinement, and current address according to the above format on a separate sheet of paper.)

II. **Defendant(s):**
(In **A** below, place the full name of the first defendant in the first blank, his or her official position in the second blank, and his or her place of employment in the third blank. Space for two additional defendants is provided in **B** and **C**.)

A. Defendant: _John Varga_

Title: _Warden_

Place of Employment: _Dixon Correctional Center_

B. Defendant: _Steele_

Title: _Assistant Warden_

Place of Employment: _Dixon Correctional Center_

C. Defendant: _Nickaus Sanja_

Title: _Program Warden_

Place of Employment: _Dixon Correctional Center_

(If you have more than three defendants, then all additional defendants must be listed according to the above format on a separate sheet of paper.)

3.

Revised 9/2007

D. Defendant: John Doe
   Title: Carpender/Maintenance Supervisor
Place of Employment: Dixon Correctional Center

E. Defendant: Robert E. Pickens
   Title: CEO of Securus Technologies Inc. Vendor/Cooparation
Place of Employment: Dixon Correctional Center

F. Defendant: Wexford Health Source Inc.
   Title: Insurance Cooparation
Place of Employment: Foster Plaza 4 507 Holiday Drive, Pittsburgh, PA
   15220, 877-939-2884 or 800-353-8384 phone
   412-937-9151 - Fax WWW.
   WEXFORDHEALTH.Com

G. Defendant: Mershon Kristina
   Title: Nurse Praetitioner
   Place of Employment: Dixon Correctional Center

H. Defendant: Amber Allen
   Title: H.C.A.
   Place of Employment: Dixon Correctional Center

I. Defendant: Susan Tuell
   Title: Nurse Praetitioner
   Place of Employment: Dixon Correctional Center

J. Defendant: Niki Mc Cluskey
   Title: Radiologist tech/X-Ray Tech.
   Place of Employment: Dixon Correctional Center

K. Defendants: Jane Does & John Does
   Title: Nurses & Doctors
   Place of Employment: Dixon Correctional Center

L. Defendant: R. Wildman
   Title: Counselor
   Place of Employment: Dixon Correctional Center

NOTE: All medical name nurses & Doctors, and Jane Does & John
   Does medical personnels are employed by IDOCC/Dixon through
   Wexford Health Sources Inc. and assigned to Dixon Health
   Care Department (these Defendants/Nurses or Doctors).

4.

III.    **Exhaustion of Administrative Remedies**

You are required to exhaust all your available administrative remedies before bringing an action in federal court.

A.    Is there a grievance procedure available at your institution?

YES (X)   NO ( )   If there is no grievance procedure, skip to F.

B.    Have you filed a grievance concerning the facts in this complaint?

YES (X)   NO ( )

C.    If your answer is YES:

1.    What steps did you take?

A). Submitted grievance(s) at institutional level First, B). Submitted grievances to counselor in the housing unit; C). then send to grievance office; and D). To the Warden's office and to SpringField, P.O. Box 19277 (ARB). SpringField IL 62794

2.    What was the result?

NEGATIVE RESULT; Stating that this Plaintiff/Foster medical needs are being met.

3.    If the grievance was not resolved to your satisfaction, did you appeal? What was the result (if there was no procedure for appeal, so state.)

Plaintiff/Foster did appeal his grievances to SpringField level, but such responses went negative; stating that Foster medical concerns are being met.

D.    If your answer is NO, explain why not:

A number of his grievances had been misplaced or went loss by the prison here at Dixon in order to prevent Foster From going to SpringField.

5.

E. Is the grievance procedure now completed?  YES (X)  NO ( )

F. If there is no grievance procedure in the institution, did you complain to authorities?  YES ( )  NO (X)

G. If your answer is **YES**:

    1. What steps did you take?

        N/A

    2. What was the result?

        N/A

H. If your answer is NO, explain why not:

Because there is A grievance procedure here at Dixon/Prison, And /Foster completed its procedures of that process, however, there had been times he had to even resubmit his grievances, As An emergency grievances because the grievances process would Not acknowledge at times his grievance's being submitted under the emergency Act...

6.

IV.    List ALL lawsuits you (and your co-plaintiffs, if any) have filed in any state or federal court (including the Central and Southern Districts of Illinois):

A.    Name of case and docket number: _____ *None* _____

B.    Approximate date of filing lawsuit: _____ *None* _____

C.    List all plaintiffs (if you had co-plaintiffs), including any aliases: ___ *None* ___

D.    List all defendants: _____ *None* _____

E.    Court in which the lawsuit was filed (if federal court, name the district; if state court, name the county): _____ *None* _____

F.    Name of judge to whom case was assigned: ___ *None* _____

G.    Basic claim made: _____ *None* _____

H.    Disposition of this case (for example: Was the case dismissed? Was it appealed? Is it still pending?): _____ *None* _____

I.    Approximate date of disposition: _____ *None* _____

IF YOU HAVE FILED MORE THAN ONE LAWSUIT, THEN YOU MUST DESCRIBE THE ADDITIONAL LAWSUITS ON ANOTHER PIECE OF PAPER, USING THIS SAME FORMAT. REGARDLESS OF HOW MANY CASES YOU HAVE PREVIOUSLY FILED, YOU WILL NOT BE EXCUSED FROM FILLING OUT THIS SECTION COMPLETELY, AND FAILURE TO DO SO MAY RESULT IN DISMISSAL OF YOUR CASE. CO-PLAINTIFFS MUST ALSO LIST ALL CASES THEY HAVE FILED.

## INTRODUCTION

This action arises out of repeated denials of proper medical care, and for their failure to protect Foster safety, hazards in which the Defendants have constituted a Constitutional 8th Amendment violation, and that his 14th Amendment Right has also been violated with regard to his Due process in failing to timing process his grievances and concealing or delaying the entire grievance process in order to avoid the truth of dealing with these issues for proper medical treatment/care by the named and John Doe(s) Defendants who are/were employee of Dixon Correctional Center or were assigned to Dixon Medical Staff and other location of this prison("Dixon") Facility around the State of Illinois between November 6, 2016, 2017, the present. The individual and John Doe(s) and name defendants ignored plaintiff's pleas for proper and adequate medical care and to this day, continuing to do so. Rather than abide by their obligations and responsibilities to safeguard Plaintiff to his Eighth Amendment claiming Plaintiff to be denied his Due Process and to suffer cruel and unasual punishment being inflicted upon Foster with such recklessly and — disregard for his well being and safety as well as being that these defendants acted with deliberate indifference and acted in concert with one another in order to see to it that Plaintiff grievance issues go denied at both levels (of the institutional and at Springfield, as well at the time Foster sent his grievances to the grievance office in Springfield). The individual and Named defendants responded to Foster's requests for medical care and grievances by recklessly ignoring or discarding addressing his medical treatment and his real medical concerns for his serious injury and ignored many of his said written requests for medical — care or treatment(for adequate medical care).

A. Here, this civil action seek damages against these defendants for committing acts, under color of Law, which deprived Andre Foster of rights secured by the United States Constitution and the laws of the United States. Defendants acted with Recklessly, deliberate and conscious indifference

8.

to Foster's safety, medical concerns, to be given proper treatment or care; well being and to his serious medical condition,(this condition or these conditions have been known to be life-threatning deficiencies in sanitation and safety measures here at Dixon) depriving Foster/ Plaintiff of his rights as guaranteed by the 8th (Eighth Amend) Amendment to the Constitution of the United States.

8). And such telephone booth being unsafe and lose from the wall, under this conditions posing a substantial risk of serious harm that lead to a "sufficiently serious" injury to this Plaintiff's; from the use of a faulty telephone booth which came falling off the wall, and their failure to allow Plaintiff to receive proper medical testing, treatment and render to him (Plaintiff) the inadequate medical care for his "sufficiently serious" injuries to his upper and lower back-pain, head, neck, lower back area, causing him extreme daily pain, headaches, weakness, some numbness and being unable to walk without support of a walking kane and the use of a Back-brace, and now causing this Plaintiff to suffer with a "sufficiently serious" permanent injury or injuries of nature that would now affect Foster for a long period of his life. Even upon the time of his release dated: August 10, 2018 as he will be scheduled for his release from the Dixon/Prison. But he will not be able to enjoy going-on in living a normal life because of this serious injury or injuries caused to his upper and lower back (body).

9). Here, the individual and name Defendants and John Does, Defendants responded with complete lack of care and treatment. for this plaintiff's serious injuries, lower back, neck-head, legs; and, hernia By each of the acts enumerated in this Complaint, the Defendants intentionally and maliciously violated Foster's rights. The egregious conduct of the individual and Named Defendants, including those John Does (Jane Does) Defendants violated Foster's civil rights under the Eighth Amendment to the United States Constitution.

10). The action seeks relief from the Individuals, and named Defendants, including those being name as John Doe, Jane Doe defendants under 42 U.S.C. §/1983, and asserts claims against them for their failure to protect Plaintiff of a safety hazard (inwhich the defendants knew at all time had been a safety hazard (A defected telephone booth inwhich Defendant John Varga (Warden), Steeler (Assist Warden), Carpenter (Maintenance supervisor) and Robert E. Pickens (CEO of Securus' Technologies/ phone vendor). Yet, these named Defendants failed to come and repair this defected phone-booth, even after being weeks told about the defected phone booth. The Defendant(s), Dixon Correctional Center members, Illinois are/is liable for their actions of the individual and name Defendants under the Illinois I.D.O.C procedures, rules and guidelines;

11). Also, Do to Plaintiff's precursory reveiw of the contract between Securus and I.D.O.C. the company is jointly liable for the injuries that Plaintiff sustained physically, & mentally, physiolaically and emotional (injuries)... And for their failure to allow him to receive adequate medical treatment; and violating his 8th Amendment Right.

Cont...

## Jurisdiction And Venue

12). Plaintiff/Foster states that he believes: this action is brought pursuant to 42 U.S.C. § 1983 to redress deprivation under color of law of Andrew Foster's rights as secured by the United States Constitution.
Plaintiff's Foster's civil rights were violated by the Defendants actions while he was incarcerated here at the Dixon Correctional Center. This Court has jurisdiction under 28 U.S.C. 1331 AND 42 U.S.C. 1983.

13). Venue is appropriate under 28 U.S.C. 1391, because the events giving rise to this claim(s) alleged herein occurred in this district of Lee County, of the State of Illinois, being here incarcerated at the Dixon Correctional Center.

(Next pages Follows)...

11.

## Parties To These Claims
### pg 1-22 (paragraphs 1 through 60)

14). That the Dixon Medical Staff and all Name defendants and those Named as John Doe & Jane Doe defendants are sued individuals and in their official capacities. Relief are/is sought, against each and all of the Named defendants, and John Doe & Jane Doe defendants herein, as well as their agents, assistants, successor, employees and persons acting in concert or cooperation within them or at their direction or under their supervision.

15). The Defendants that are named as Nurses or nurses practitioner(s) and those John Doe & Jane Doe defendants are being also sued individually and in his or her official capacities their are employee by Dixon C.C. through Wexford Health Source, Ine., and assigned to the "Dixon" Prison. These Defendants has the responsibility and authority to ensure Foster was provided with adequate medical treatment.

16). The Defendants of Dixon Medical Staff, John Doe & Jane Doe Defendants are sued individually and in their official capacities. Relief is/are sought against each and all defendants as well as their agents, assistants, successor, employees and person acting in concert or cooperation with them or at their direction or under their supervision.

17). Defendants Carpenter (Maintenance Supervisor) and Robert E. Pickens (CEO of Securus Technologies/phone Vendor) _____ are sued individually and in their official capacities. Relief is/are sought against each and all defendants as well as their agents, assistants, successor, employees and person acting in concert or cooperation with them or at their direction or under their supervision

18). All of the above Name-Defendants and including those named as John Doe and Jane Doe defendants, was at all times relevant herein are, a duly (ies) appointed, qualified and acting physician for the Dixon Correctional Center being employed by I.D.O.C. through Wexford Health Source, Ine., and assigned to "Dixon" Medical staff and are at all times relevant herein was a resident(s) or being resident(s) of the state of Illinois. These individuals

12.

Defendants, Warden John Varga and Assistant Warden Steeler are the head members of Running the Dixon Correctional Center, Prison (here at "Dixon"), under the laws of the State of Illinois and operates the I.D.O.C of Dixon. The Defendants here was/is responsible for Foster's protection and safety during his incarceration, as well as making sure he receive proper medical care.

19). Defendant Dixon Health Services ("Dixon") And Wexford Health Sources Inc., (Insurance Cooperation) governs the medical staff of nurses and medical Doctors here at Dixon Prison under policy contractor with I.D.O.C and being under the laws of the State of Illinois, and ~~Wexford is~~ responsible for providing medical care to Foster during his incarceration; meaning: that Wexford has had a contract with the State of Illinois to provide Health Care services to inmates in the I.D.O.C ("Dixon").

20. The Warden John Varga and Wexford both has the authority to hire, train, and supervise officers, Nurses and medical personnels (here at Dixon/Prison) necessary to operate and maintain the Dixon Correctional Center and its Health Care Dept. here at Dixon/Prison.

21). At this time, Foster has not been able to gather all of his medical Records "Full to show this court **all** of his medical Records, but he does have enough medical Records in order to show this Court that he suffer with a Serious injury or injuries caused by the faulty telephone booth and its lack of medical treatment by the Name Defendants herein who he believes to be involved in violating his rights under the 8th Amendment, and ~~the~~ his Due process. So he does have a limited amount of records in his( Foster's) possession, and Foster's recollection indicated that the named individuals were involved in the violation of Foster's rights. The exact nature of the total named individuals'

13.

involvement remains to be determined in discovery. The possibility of other individual defendants with the telephone vendor as a whole. or concerning their responsibility involved in violating Foster's rights while/he was injured and incarcerated remains to be determined in discovery. These individuals are represented herein as John Doe's Defendants For Now in their also being sued in their individual capacity.

## STATEMENT OF FACTS

22). On November 6, 2016, while serving his prison sentence at the Dixon Correctional Center, Foster/was using the telephone (within a phone booth being attach to the wall), as he had spent several minutes talking with a family member on this telephone in his assigned housing unit/building 61 (Dayroom area). This entire telephone-booth suddenly came Falling (Failiable) Force-Fully-down being unattached to/the wall on top on Foster head, neck, back, and left-side of his leg causing him to fall heavily to the day-room floor from such crashing impact as he became disoriented and confused. He (Foster) had to be help up on his feet from the floor by the Correctional officer Chouinard alone with other inmates assisting Foster to his feet and removing this heavy telephone booth up-off of Foster. This incident took placed around November 6, 2016 at about approx. 7:30 PM during dayroom time.

23). During this very same day within a few minutes or so /Foster had/to be taking immediately to the Dixon Health Care Unity For to be seen by medical nurse(s) for For his serious/injuries that occured and causing him lots of extreme pain to his entire body, as the nurse issued to Foster some IbPs or Typhoids (200mg's);

24). On November 9, 2016, Foster was seen by Nurse Mershon (A nurse Practitioner) For his serious pain, injuries, In his lower back, headaches, head, neck, leg and buttocks area that he had been Feeling, and going all through his upper and lower body caused by the November 6, 2016 incident, as well as Foster Feeling disoriented.

14.

25). Foster asked Ms Mershon (N.P.) if the Ibuprofens would really work or be helpful to him for his serious pain? As she responded sure they would, and for Foster to take with food and lots of water. She (Mershon) further went on to state to Foster, that she going to have him schedule for an x-ray exame for his lower back.

26). Nearly a week or so, or days later Foster informed Mershon (Nurse Practitioner) that the Ibp's 200 mgs are not all all helping him to releave his serious extreme lower back pain, headaches and leg pain, and if she would give him something a little stronger or better for his on going continuing pain. She (Mershon, N.P.) informed Foster not at this time and told him that he could leave the medical room. As he was told to leave remaining in such serious ongoing pain to his body.

27). On November 17, 2016, Foster walked slowly outside to the yard as he made an attempt to sit on the bench do to his serious lower back pain and legs give u out. He was unable to even sit on the yard bench during this time. Nor was he able to even bend his body.

28). It was then that Foster had to be seen again by the Medical nurse Practitioner (Mershon). He had been given pain meds called: Robaxin 750 MG (Muscle-Relaxer) by said medical physician.

29). Foster believes that his medical records will reveal upon discovery how many times repeatly he had to be seen by these medical Defendants and the lack of medical treatment or care being render to him. As defendant (Mershon) acted with deliberate and conscious indifference to Foster's serious medical condition, depriving Foster of his rights as guaranteed by the 8th Amendment to the Constitution of the United States.

15.

30). On or about December 18, 2017 Foster met with Defendant, Tuell Susan (Nurse Practitioner). Plaintiff expressed to this Nurse how he was still experiencing a great deal of serious pain, discomfor and numbnes to his left side down to his heel of his feet, with constantly on-going headache's, as well as some shortness of breathe, and was also having problems with his balance being off, he (Foster) was not able to stand for some long period of time;

31). Foster stated to Nurse Tuell about the concerns of the medication he had been taken for his pain (ultram) medication meds), Also he made mentioned about the physica Therapy in which he was required to do, but this physical Therapy only caused Foster more pain and discomfort to his back and neck. Nonetheless, Defendant (Tuell) became upset and disregarded or ignored what Foster had been stating to her concerning many of his health issues and concerns.

32). She then replied back to Foster stating: that there is not anything that she could do for Foster. Foster requested if she or the medical staff could at least give him a shot for his pain that he was experiencing in both shoulders, because he felt that since he had been on painpills for some great-while, and they were not at all relieving his pain to his shoulder and body. Plus he had under went physical therapy on both of his shoulders and nothing work during this process but it just kept getting worst rather than better.

33). Foster felt at least given him a pain-shot would help to numb some of his pain since nothing else had been helping his ongoing serious pain to his body.

16.

34). Tuell (Nurse Practitioner), she refused to allow Foster any further medical treatment for his ongoing pain to his shoulders and body.

35). On information and belief these medical Defendants & Wexford medical Defendants such as the Warden(s), John Doe & Jane Doe Defendants are all being named herein for their actions and conduct. On information and belief, Wexford is a Florida Corporation with its principal place of business in Pennsylvania. On information and belief at all times relevant to the allegations against it, Wexford has had a contract with the state of Illinois to provide Health Care Service to inmates in the IDOC., including here at the "Dixon"/Prison Facility...

36). On or about in early May of 2016 to September of 2017, this Plaintiff (Foster) continued (from 2016 to 2017) to make numerous complaints of his huge hernia and on or about in September 20, 2017 this Plaintiff suffered with a serious/painful inguinal hernia to his lower groin/scrotum area while here at the Dixon Correctional Center;

37). Foster was in excruciating serious amount of pain to his lower stomach and groin area with this large Hernia as Plaintiff/Foster made numerous verbal requests and written requests to be seen by Dixon medical personnel(s) for this serious on-going medical problem, but he was always given only Ibuprofen or Typhoid (200mgs), and there had been other times during his visits to the Dixon Health Care he had been given Nothing at all for his pain and suffering.

38). And on September 20, 2017 Foster continued to alert Dixon medical staff and make known to the Health Care Department concerning his on going serious large Hernia (lower inguinal hernia) pain that he was having.

17.

39). Yet, he was only looked at by Nurse mershun & Twell 8. (Nurse Practitioner), and told at two different times, just continue to take your pain pills Ibf's 200 (mg) and for Foster to drink plenty of water, and sent back to his housing unit during numerous times...

40). And on September 23, 2017 his inguinal large heria felt as if it had became incrating painful & felt as if it had been rupture inside of his lower section, causing Foster to suffer with even greater serious pain, and it was then at this point, he had to have immediate surgery to removed the extreme large right inguinal hernia from his private section that had been causing Foster excruciating lower pain, as well as weakness in both legs while trying to stand and walk. Foster relied on Dixon Medical stuff/personnels (Defendants) for weeks, months and for nearly almost 2yrs or a little best, but these named Defendants, John Doe & Jane Doe Defendants being stated within this § 1983 Civil Complaint.

41). These Defendants failed to ensure or provide that Foster received adequate medical care;

42). But these same named defendants above 1-22 (1-60 paragraphs) Failed to ensure that Foster was promptly examined by qualified medical care proffersionals.

18.

43). Foster head to immediately be taken to Katherine Shaw Bethea Hospital, 403 East First Street, Dixon, IL 61021 phone: (815) 288-5531. For to have his huge right inguinal hernia removed urgently. In which these Named defendants, Jane Doe, John Doe defendants should have never allowed Foster hernia of serious Nature to get to this point. by ignoring his serious medical needs caused Foster to have such urgent surgery For the huge inguinal hernia he suffered for nearly two years) with the additional delay of the prison grievance process; Exhibits are being mark/as pgs $A1ofZ$, $A2]of$ and $A^3$ 2of2 & $A4$ 2of2 are all being attached hereto.

44). Many of his (Foster) medical requests for proper or adequate medical treatment went denied.

45). These same defendants also failed to ensure that Foster received timely and appropriate follow-up care.

46). These defendants even failed to write adequate hand written (legible) notes) to be taken within Foster's medical chart or file.

47). As a result of the defendants failure to furnish such care, Foster has suffered pain and/or decreased health.

48). This failure to provide such care or delay in providing same amounts to a deliberate indifference on the part of the defendants herein.

49). As a result of their failure to act on Foster's requests for adequate medical care for a serious medical need(s), Foster has suffered and continues to suffer injuries of a permanent and serious nature.

19.

50). The delay in treatment or lack of proper medical care caused injuries to Foster by causing him pain, making his condition worse, causing additional injuries and/or a combination of the above (pgs 1-22), (paragraphs 1 through 60).

51).

## Count(s)

### § 1983 Against Individual(s), Name Defendants AND John Doe/Jane Doe Defendants For A Violation of Foster's Due Process, Equal Liberty, Conspiring to Act in Concert, and being Deliberate Indifference to (Foster's) medical needs

52). The allegations contained within paragraphs 1-22 (paragraphs are) repeated and incorporated herein for reference.

53). The individual Defendants John Doe, Jane Doe and all named Defendants failed to ensure that Foster received prompt and adequate medical care while at the Dixon Correctional Center (Health Care Department ("Dixon") during 2016, 2017 to the present.

54). The actions of the individual Defendants, John Doe, Jane Doe and Named Defendants were committed with deliberate intent and with utter indifference to, or conscious disregard for Foster's serious medical needs and to his injuries. The individual Defendants

55). And Named Defendants, John Doe/Jane Doe Defendants knew, or should have known, that their actions would naturally and probably result in further injuries to the plaintiff. Foster suffered and will continue to suffer injuries of a permanent and serious nature.

20.

56). The actions of the above 1-22 pgs (paragraphs 1-60) Jennifiled Defendants and John Doe & Jane Doe Defendants were the direct and proximate cause of Foster's increased pain and Serious ongoing physical, emotional and psychological injuries.

57). In addition, Robert E. Pickens is and was, at all times relevant hereto a C.E.O of Securus Technologies phone vendor of I.D.O.C prisons. On November 6, 2016 when Foster was severly injured and suffer Serious injuries as a result of the faulty telephone booth at the Dixon Correctional Center. Foster filed a grievance on Securus Technologies phone vendor who is contracted by I.D.O.C. through the Dixon C.C. & I.A.O.C, using the grievance process. But Foster was informed by the grievance process that I.D.O.C have or has "No jurisdiction over Securus Technologies phone company or vendor and was unable to resolve his grievance in this regard. Best upon information & belief and Plaintiff's prezumary review of the contract between Securus and I.D.O.C. the Company is jointly liable for the injuries, that is caused to Foster in this Civil-suit.

58). 2.2.5 of the Contract States plainly that the vendor will take Conditions into account and provide for them, 2.2.12 goes on further in stating that Vendor will maintain and repair all supportive equipment by repair or replacement. 2.2.12 Further States all repairs must be made by certified personnel thru standards of the manufactur herein.

NOTED: Discovery could be gather ad this Civil case proceed at some later time given over by the defendants to Foster, & all other exhibits with those grievances upon discovery request.

21.

**59) Relief:**

State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes. Wherefore, Plaintiff, Foster respectfully requests that this Court enter judgment in his favor and against the individual Defendants, John Doe & Jane Doe & all named Defendan For violation of Plaintiff's civil rights under § 1983 and an award of One Million Dollars ($1,000,000.00) in damages, including compensatory and punitive damages, cost, and reasonable attorney fees (if Counsel is appointed by the Court), as well as such further relief as ☒ this ☐ Court deems just and proper.

**60) The plaintiff demands that the case be tried by a jury.** ☒ YES ☐ NO

## CERTIFICATION

By signing this Complaint, I certify that the facts stated in this Complaint are true to the best of my knowledge, information and belief. I understand that if this certification is not correct, I may be subject to sanctions by the Court.

Signed this _____ day of July 280 18

x Andre Foster
(Signature of plaintiff or plaintiffs)

Andre Foster
(Print name)

#t K-75298
(I.D. Number)

Dixon Correctional Center
2600 North Brinton Ave.
Dixon IL 61021
(Address)

22.

Case: 3:18-cv-50018 Document #: 15 Filed: 08/07/18 Page 28 of 100 PageID #:242
Foster, Andre - ECD# 5055103 - Prendergast, Gail - IPT - Adm: 9/23/2017 - Svc=MED Consultation Report - Single
Signature-9/23/2017 6:22:00 PM-Strom, John A MD-CN0035-1pg

**KATHERINE SHAW BETHEA HOSPITAL**
**403 East First Street, Dixon, IL 61021**
**(815) 288-5531**

Exhibit A' 1oF2,

Patient:   FOSTER, ANDRE                  MR#:       318291
Date:      9/23/2017                      Serv.      MED
                                          Type:
DOB:       09/13/1978(39)    (M)          Room:      4MS 438 43
Attending:Sikander Hayat MD, FACP,FACEP   Account #:5055103
Dictated  John A Strom, MD                PCP:
by:

CONSULTATION

DATE OF CONSULTATION
September 23, 2017

HISTORY OF PRESENT ILLNESS
I am asked to see Mr. Foster in the emergency room for evaluation of
painful hernia.  Mr. Foster is a 39-year-old gentleman member of the
Department of Corrections. He has been incarcerated for 20 years.  He
states that he has had this hernia for more than 2 years and he states he
cannot get anybody to pay attention to it. Over the past couple of days it
has become more painful.  He has had some nausea but no vomiting associated
with this.  He says the pain has become unbearable.

PAST MEDICAL HISTORY
Unremarkable for any major medical problems.

REVIEW OF SYSTEMS
He does state he has some chest pain.  It is not consistent as to when this
occurs or what brings it on, but he does not have any shortness of breath
or sweating with this chest pain.

SOCIAL HISTORY
He is a nonsmoker.

ALLERGIES
He has no known allergies.

PHYSICAL EXAMINATION
GENERAL: A gentleman who seems relatively comfortable.
HEENT:  Exam is unremarkable.
LUNGS: Clear.
CARDIAC:  Exam demonstrates a regular rhythm with no significant murmurs.
ABDOMEN: Not distended.  He does have some bowel sounds.  He has no areas
of tenderness.
GENITOURINARY: He has a huge right inguinal hernia that goes into the
scrotum.
EXTREMITIES:  Unremarkable.

ANCILLARY DATA
X-rays demonstrate some mild small bowel dilatation. Labs were all normal
with a normal white count and electrolytes.

IMPRESSION
Incarcerated inguinal hernia with some evidence of some partial bowel
obstruction possibly.

PLAN

Page 1 of 2



**KATHERINE SHAW BETHEA HOSPITAL**
403 E. First Street, Dixon, IL 61021
Saud Stanny MD

| | | |
|---|---|---|
| PATIENT NAME: | **FOSTER, ANDRE** | |
| LOCATION: | MedSurg Main | 438   438 |
| ACCOUNT NUMBER: | 5055103 | |
| MRN: | 318291 | |
| DOB/AGE/SEX: | 09/13/1978  39  M | |
| PHYSICIAN: | PRENDERGAST, GAIL | |

## SEROLOGY

| | 87320181 | REFERENCE |
|---|---|---|
| **COLLECTED** | **09/23/17 20:55** | RANGE |

### Serology

| COLLECTED | 09/23/17 | |
|---|---|---|
| | 20:55 RNC | |
| MRSA, Nasal Screen by PCR | NEGATIVE | Negative |

## MICROBIOLOGY

Collected: 09/25/17  20:12     Received:  09/25/17  20:14

**Source:  BloodPeripheral, Right**

**Culture Blood**                          **PLATED**

Result Flags Legend: AB=Abnormal, C=Critical, H=High, L=Low, X=Absurd, XL=Absurd Low

**CUMULATIVE**

Printed:  09/26/17 08:44
KSBH:Multi>Coll>Multi>CRC1

Page 4 of 4

Exhibit A² OF 1 OF 2

**KATHERINE SHAW BETHEA HOSPITAL**
**403 East First Street, Dixon, IL 61021**
**(815) 288-5531**

---

```
Patient:     FOSTER, ANDRE           MR#:           318291
Date:        09/23/2017              Serv. Type:    ER
DOB:         09/13/1978 (39)         Rm:            ED        7A
Ordered by: Hayat MD, Sikander       Account. #:    5055103
Order #:     SC4979426               PCP#:
Dictated by:  Cheryl A. Schwalm, DO
<### 318291, SC4979426###>
```

EXAM:  XR Abd 3 Views

History:  abdominal pain . R incarcerated hernia

HISTORY
Abdominal pain and right incarcerated hernia.

TECHNIQUE
Supine and upright images of the abdomen and frontal image of the chest.

There is no evidence of free air.  Air-fluid levels are seen within the
small bowel loops within the mid abdomen.  There is a paucity of bowel gas
within the pelvis.  The bowel gas pattern is either due to an ileus versus
early obstruction.  A large amount of fecal material is seen within the
colon.  There is no evidence of organomegaly.  A phlebolith is shown within
the right hemipelvis.  The osseous structures show mild degenerative
changes within the pelvis.

Frontal image of the chest shows no evidence of acute lung infiltrates,
pneumothorax or pleural effusions.  The cardiomediastinal silhouette shows
a right-sided aortic arch.  There is probable prior resection of the distal
left clavicle.

IMPRESSION

    1. SMALL BOWEL ILEUS VERSUS EARLY OBSTRUCTION.
    2. CONSTIPATION.
    3. RIGHT-SIDED AORTIC ARCH WITHOUT EVIDENCE OF ACUTE DISEASE.


Dictated from H.


Thank you for allowing me to participate in the care of this patient.

Electronically Signed by
Cheryl A. Schwalm, DO 09/23/2017 05:29 P



D:  09/23/2017 04:13 P        T:  09/23/2017 04:20 P        CAS/mal


Page 1 of 2

...ater, Andre - ECO# 5055103 - Prendergast, Gail - (PT - Adm: 23 Sep 2017 00:00:00 - Svc=MED Specimen

**Katherine Shaw Bethea Hospital**

102 S. Hennepin Avenue
Dixon IL 61021
Phone:

| Soarian© Chart Report - Specimen Collections | | | |
|---|---|---|---|
| **Name:** ANDRE FOSTER | | **MRN:** 318291 | |
| **DOB:** 09/13/78 | | **Patient ID:** 5055103 | |
| **Age/Sex:** 39Y/M | | **MPI:** 786128 | |
| **Arrival Date/Time:** 09/23/2017 13:06 | | | |
| **Provider:** Sikander Hayat | | | |
| **Primary Care Physician:** | | | |
| **PCP Phone Number:** | | | |

**Specimen Collection**

**Lab Service: Chemistry**

| Sample Status | Sample Collected Start Date/Time | Sample Schedule Start Date/Time | Order As Written | Collected By | Order Status | Order ID |
|---|---|---|---|---|---|---|
| Pending Specimen to be collected | | 09/23/2017 13:27 | Comp Metabolic Panel Stat | | Complete | 5232756 |

**Lab Service: Hematology**

| Sample Status | Sample Collected Start Date/Time | Sample Schedule Start Date/Time | Order As Written | Collected By | Order Status | Order ID |
|---|---|---|---|---|---|---|
| Pending Specimen to be collected | | 09/23/2017 13:27 | CBC with Differential Stat | | Complete | 5231645 |
| Pending Specimen to be collected | | 09/23/2017 13:27 | Prothrombin Time with INR Stat | | Complete | 5232757 |
| Pending Specimen to be collected | | 09/23/2017 13:27 | Partial Thromboplastin Time / PTT Stat | | Complete | 5232758 |

**Lab Service: Urinalysis**

| Sample Status | Sample Collected Start Date/Time | Sample Schedule Start Date/Time | Order As Written | Collected By | Order Status | Order ID |
|---|---|---|---|---|---|---|
| Specimen Collected | 09/23/2017 16:44 | 09/23/2017 13:27 | Urinalysis Stat | Morthland Blair | In progress | 5232759 |

| **Name:** ANDRE FOSTER | **MRN:** 318291 | **Patient ID:** 5055103 |
|---|---|---|

Chart Report - Specimen Collections Page 1 of 1

© 2003-2017 Siemens Medical Solutions USA, Inc. All rights reserved.
Crystal Reports © 2017 Business Objects SA. All rights reserved.

Printed By: JS - Job Scheduler
Printed On: 24-Sep-17 01:05

Foster, Andre - ECD# 5055103 - Prendergast, Gail - IPP - Adm: 9/23/2017 - Svc-MED History and Physical -
Report-Single signature-9/23/2017 4:18:00 PM-Jamal, Asad MD-HP0005-1pg



### KATHERINE SHAW BETHEA HOSPITAL
### 403 East First Street, Dixon, IL 61021
### (815) 288-5531

NECK: Supple.  No palpable cervical lymphadenopathy.
CARDIOVASCULAR: S1, S2 heard, regular rate and rhythm.  No murmurs.
LUNGS:  Clear to auscultation bilaterally.
ABDOMEN: Soft.  There is palpable tenderness in the right lower quadrant
and suprapubic area.  No rebound or guarding.  Bowel sounds are hypoactive.
In the right inguinal canal there is a tender large inguinal hernia which
is not reducible.   The patient is not letting me do a good exam.
GENITOURINARY: Left testicle is normal and scrotum is normal.  No penile
discharge.

ASSESSMENT/PLAN
A 39-year-old male with known history of right recurrent inguinal hernia
who presents with incarcerated right inguinal hernia with small bowel
obstruction.  Plan is to keep him n.p.o. and control his pain with IV
Dilaudid 0.5 mg every 2 hours. Dr. Strom will evaluate the patient today
and decide when he will take him for the surgery.  We will keep him on
Zofran 4 mg IV every 6 hours as needed.  Further recommendation to follow
pending hospital course.


Preliminary Unsigned Copy Asad Jamal, MD



D:  09/23/2017 04:18 P       T:  09/23/2017 04:30 P          AJ/do Job#:
12080845

cc:   Sikander Hayat, FACP,FACEP

**KATHERINE SHAW BETHEA HOSPITAL**
403 East First Street, Dixon, IL 61021
(815) 288-5531

| | | | |
|---|---|---|---|
| Patient: | FOSTER, ANDRE | MR#: | 318291 |
| Date of Admit: | 09/23/2017 | | |
| DOB: | 09/13/1978  (39) (M) | Room: | ED      7A |
| Admitting: | Sikander Hayat, FACP,FACEP | Account #: | 5055103 |
| Dictated by: | Asad Jamal, MD | PCP: | |

HISTORY AND PHYSICAL

DATE OF HISTORY AND PHYSICAL
September 23, 2017

CHIEF COMPLAINT
Abdominal pain and right testicular pain.

HISTORY OF PRESENT ILLNESS
The patient is a 39-year-old inmate at the local Department of Corrections
who has had history of right inguinal hernia which was always easily
reproducible for the last 3 years. Since this morning he started to have
worsening pain and his hernia in the right inguinal area became
non-reproducible and his pain started to get worse. He is having pain in
the lower abdomen, more on the right. He denied any fever or chills but he
had vomited twice since last night. Vitals in the ER were temperature 98.2,
blood pressure 142/100, heart rate of ??, respiratory rate of 20, O2 sats
are normal on room air.  His initial labs shows normal white count,
hemoglobin/hematocrit were normal, platelets were normal, electrolytes were
normal, LFTs were normal.  Abdominal three-view series were done as per
recommendation of Dr. Strom who was contacted through the ER, that shows
ileus versus small-bowel obstruction.  The patient rates the pain is 10/10
in the right groin and lower abdomen area.  He is awake, alert, oriented x3
in no acute distress.  The pain is non-radiating.

ALLERGIES
No known drug allergies.

CURRENT MEDICATIONS
Tramadol and muscle relaxer.

PAST MEDICAL HISTORY
History of back injury with back pain.

SOCIAL HISTORY
Nonsmoker. He does not drink alcohol. He stays at the Department of
Corrections.

FAMILY HISTORY
No history of hypertension or diabetes. No cancer.

REVIEW OF SYSTEMS
The rest of all systems were reviewed and were all negative except as
mentioned in history of present illness.

PHYSICAL EXAMINATION
GENERAL:  Awake, alert in no acute distress, oriented x3.
HEENT:  No scleral icterus or pallor.  Pupils equally reactive to light and
accommodation.  Extraocular movement intact bilaterally.  Oropharynx has
dry mucous membranes.

Page 1 of 2

**KATHERINE SHAW BETHEA HOSPITAL**
403 East First Street, Dixon, IL 61021
(815) 288-5531

Exhibit A4 2oF2

N.P.O. status. IV fluids. Pain control. Surgical correction of his hernia.
The patient is aware of the plan and consents
Electronically Signed by
John A Strom, MD 09/24/2017 04:08 P


D:  09/23/2017  06:22 P T:  09/23/2017 06:51 P  JAS/do Job #:  12080862

cc:   Sikander Hayat, FACP,FACEP

**Case: 3:18-cv-50018 Document #: 15 Filed: 08/07/18 Page 35 of 100 PageID #:249**

## Discharge Medication Reconciliation Report

| | | | |
|---|---|---|---|
| Pt Name: | FOSTER, ANDRE | MRN: | 318291 |
| Pt ID: | 0100325294 | Acct No: | 5055103 |
| DOB: | 09/13/1978 | Age/Sex: | 39Y/M |
| Adm DTime: | 09/23/2017 13:06 | Atn Dr: | Prendergast, Gail MD |
| Nurs Stat: | 4 Med Surg | Rm & Bed: | 438A |
| Dx: | | | |
| Alrg: | No Known Allergies, No Known Drug Allergies, No Known Food Allergies | | |

**Discharge Rec Status:**   Complete         Collected On: 9/26/2017  3:13:03PM      By: Gail Prendergast, MD

**Home Med Collection Status:**      Complete   Collected On: 9/23/2017  5:16:00PM   By: Denise Williams, Tech

### Current and Home Medications

| Source | | Action |
|---|---|---|
| Home | naproxen 500 mg Tablet 1 tablet oral twice a day after meals | Not Continued |
| ⬤me | traMADol 50 mg Tablet 1 tablet oral twice a day as needed for pain | Not Continued |
| Hospital | docusate sodium Oral 100 mg Capsule 1 capsule oral twice a day | Continued as Home Med |
| Hospital | enoxaparin subcutaneous 40 mg/0.4 mL Syringe 40 mg subcutaneous every twenty four hours | Not Continued |
| Hospital | HYDROcodone-acetaminophen Oral 5 mg-325 mg Tablet 2 tablet oral every four hours as needed for PAIN | Changed |
| Hospital | HYDROmorphone Injection 1 mg/mL Syringe 0.5 mL intravenous every two hours as needed for PAIN | Not Continued |
| Hospital | ondansetron Oral 4 mg tablet,disintegrating 1 tablet oral every four hours as needed for NAUSEA/VOMITING | Not Continued |
| Hospital | pantoprazole Oral 40 mg tablet,delayed release (DR/EC) 1 tablet oral daily | Not Continued |
| Hospital | polyethylene glycol 3350 Oral (Miralax) 17 gram Powder in Packet 1 each oral daily | Continued as Home Med |
| Home | docusate sodium (Colace) 100 mg Capsule 1 capsule oral twice a day | Continued as Home Med |
| ⬤he | lactulose 45 mL oral twice a day | Not Continued |
| Home | methocarbamol 750 mg Tablet 1 tablet oral three times a day as needed for pain | Not Continued |
| Home | *muscle rub cream 35 gm-Apply to affected area twice a day as needed* | Not Continued |

### Discharge Medication List

| Medication | User |
|---|---|
| docusate sodium (Colace) 100 mg Capsule | Gail Prendergast, MD |
| Directions:     1 capsule oral twice a day | |
| Quantity: | Refills: |
| Quantity: | Refills: |

---

| | | | | |
|---|---|---|---|---|
| Pt Name: | FOSTER, ANDRE | MRN: | 318291 | Discharge Medication List |
| Rm/ Bed: | 438A | | Page 1 of 2 | ORE_MRC_DMR.rpt v1.00 |
| | | | | Printed By: EDR |

© 2004-2017 Siemens Medical Solutions Health Services Corporation.  All rights reserved.
Crystal Reports © 1991-2017 Business Objects Software Limited. All rights reserved.

Printed On: 26-Sep-17 15:13

ILLINOIS DEPARTMENT OF CORRECTIONS

**Offender Outpatient Progress Notes**

_____ Dixon _____ Center   Exhibit A-5

Offender Information:

FOSTER            ANDRE            ID#: K75298
Last Name         First Name       MI

| Date/Time | Subjective, Objective, Assessment | Plans |
|---|---|---|
| 11.10.14<br>C 1045a | THE FOLLOWING X-RAY EXAM(S)<br>WERE COMPLETED AT DIXON<br>CORRECTIONAL CENTER:<br>T-SPINE & L-SPINE | (N.McCluskey)<br>BDRS RTL/R1@ |
| 11/10/14<br>@15P | [S] Pt presents for code 3; low back spasms. Pt states that he has been having spasms at night yet when walking out to yard. Denies further injury. Denys B or B̄ sx.<br>[O] A+0x3 BM. Sitting comf. in w/c in NAD. Pt assessed yet discussed ability to ↑ Robaxin. Pt directed to avoid gym/yard while healing. Pt stood, put sweatshirt on and left HCU c̄ difficulty.<br>[A] # LBP | [Ps/P]<br># D/C Robaxin<br># Start Robaxin 750mg PO TID PRN x 3 mos.<br># low bank x 3 mos.<br># Scheduled to F/U on 11/23/16<br>~ V.U. ~<br>K.McShon FNPBC |

Exhibit A-5

DOC 0084 (Eff. 9/2002<br>(Replaces DC 7147

ILLINOIS DEPARTMENT OF CORRECTIONS

### Offender Outpatient Progress Notes

_____ Center

Offender Information:

Foster                    Andre
Last Name        First Name        MI          ID#: K75298

| Date/Time | Subjective, Objective, Assessment | Plans |
|---|---|---|
| 11-23-16<br>7:00 | VISIT<br>B/P 140/82 TPR _____ WT 267#<br>CC: Flu back injury<br><br>[S] Pt states slicate relief<br>from back pain. Request<br>back brace et continued ice<br><br>[O] Pt in no acute distress<br><br>[A] LBP | [P=P]<br>#Provide back<br>brace<br>#May get<br>ice x 2wks<br>#Flu PRN<br>r.v.u<br><br>K. _____<br>FNP-BC<br>_____<br>Noted _____<br>11-23-16 3:00p |

Distribution: Offender's Medical Record

Printed on Recycled Paper

DOC 0084 (Eff. 8/2002)
(Replaces DC 7147)

ILLINOIS DEPARTMENT OF CORRECTIONS

**Offender Outpatient Progress Notes**

DIXON Correctional _____ Center     *Exhibit A 6*

**BACK PAIN**

Offender Information:

Last Name: *Foster*   First Name: *Andre*   MI: ___   ID#: *K75288*

| Date/Time | Subjective, Objective, Assessment | Plans |
|---|---|---|
| *1/24/17 11⁰⁰* | **S)** - Rate the pain (1-10)  *10/10* | **P) Urgent Referral:**<br>- Sudden back pain with hypotension and/or tachycardia or fever. |
| | - Cause of pain  *10/6/16* *phone booth fell on wrist* | - Inability to work or severe gait disturbance or change in continence.<br>- Verify meds and allergies prior to treatment |
| | - Was the pain immediate or delayed | **Refer to MD if:**<br>- Abnormal vital signs, temp greater than 100 |
| | - For how long  *since phone booth fell on.* | - Loss of sensation or numbness |
| | - Location  *Lower back pain / upper back spasm* | - Foot drop  ∅ |
| | - Pattern (radiation) what worsens / eliminates  *responsive, helps, etc walking, very distinct worse* | - Difficulty ambulating |
| | - Color of urine  *Yellow, "dark" sometimes* | - Dark or bloody urine |
| | - Frequency  *6 X / day* | - No improvement after 48 hour trial of Treatment Protocol |
| | - Any pain on urination  *∅* | **When no MD referral:** |
| | - History of back problems and/or surgery  *Falling booth* | - Ibuprofen 200 mg, 1-2 t.i.d. PRN with meals X 3 days (18 tablets) |
| | - Fever  ∅   chills  ∅   night sweats  ∅   dysuria  ∅ | - Or Acetaminophen 325 mg, 1 – 2 tablets t.i.d. PRN X 3 days (18 tablets) |
| | - Increase in pain with cough  *yes* | - Avoid sporting activities until pain has been gone for at least two weeks  *N/A* |
| | - Are you taking any medications  *Robaxin, Naprosyn.* | - Begin gentle strengthening exercises as early as possible and observe proper lifting techniques. (provide exercise packet)  *N/A* |
| | - Any trauma  *phone booth* | - Complete injury report DOC0313  *N/A* |
| | - Any bowel or bladder incontinence  *∅* | - Urinalysis dip, if urinary symptoms present  *N/A* |
| | **O)**  T *98* P *60* R *16* BP *140/86* WT *270* | **OVER** |

*Exhibit A 6*

Distribution: Offender's Medical Record

*Printed on Recycled Paper*

DOC 0084 (Eff. 9/2002)<br>(Replaces DC 7147)

ILLINOIS DEPARTMENT OF CORRECTIONS

**Offender Outpatient Progress Notes**

<u>DIXON Correctional</u> Center

Offender Information:

**BACK PAIN (Cont.)**

Last Name     First Name    MI     ID#: _____

| Date/Time | Subjective, Objective, Assessment | Plans |
|---|---|---|
| | | **Patient Teaching:** |
| | - Gait disturbance | |
| | | - If injury could have been prevented, instruct on safety Measures  ✓u |
| | - Any change from sitting to standing | |
| | | - Proper body mechanics  ✓u |
| | - Swelling | |
| | | - Avoid weight lifting, strenuous activity (Sports restriction)  ✓u  S/r not long |
| | - Redness  ∅ | |
| | | - Back exercises when indicated by MD  ✓u |
| | - Bruises  ∅ | |
| | | - Recommend moist heat, e.g. warm shower when available.  ✓u |
| | - Tenderness to touch  Slight | |
| | | - Back exercises if indicated  ✓u |
| | - Range of motion  Limited | |
| | | - Allow 48 hours of trial with simple analgesic  ice and heat present |
| | - Distress or pain with movement  Slow to get up from chair | |
| | | - Return to sick call if symptoms persist or worsen  ✓u |
| | Slightly bent @ waist when | - If obesity present – weight loss counseling  +20 lbs over last cple m |
| | Standing. | **Follow up:** |
| | | - If discomfort worsens or persists and prevents the patient from carrying out normal activities, return to sick call.  ✓u |
| | | saw few Cose use |
| | | Nurse Signature  R.L. Harm _____ |
| | A) Impaired Comfort | Payment voucher  YES  **NO** |
| | | ongoing |

**ILLINOIS DEPARTMENT OF CORRECTIONS**
**Medical Special Services Referral and Report**

Dixon
(Facility)

Exhibit A-7

Offender's Name: Foster Andre    ID# K75298

Reason for Referral: ☒ Consult    ☐ Non-Formulary Medications   ☐ Medical Equipment
☒ Evaluation    ☒ Management
☐ Procedure/service (specify) _____
☐ Other (specify) _____

Urgent: ☐ Yes   ☒ No

Referred to: _____ P.T. _____

Rationale for Referral: Low back Pain c̄ Radiation. X-ray c̄ NormD.y
L5 S₁. Reports back spasms since phone booth fell on
him in Nov 2016.

Susan Tuell _____ (FNP?BI) _____ 1-26-17
**Print Referring Practitioner's Name**    **Referring Practitioner's Signature**    **Date**

---

**Report of Referral** (Use Reverse Side, if necessary)

Findings: Dx'd c̄ Inguinal hernia ~1 year ago.
H.I. by phone booth → fell Down. CC:
Centralized LBP. Occasionally notes traveling
down ② leg 1-70 heel. Prolonged standing creates
pain / spasm. Relieved c̄ sitting. 6/10 pain scale

Assessment: Posture: 7° lumbar lordosis. Trunk ROM L→L
25% SB ⑧ Flexion Extension limited 75% c̄ 7°
LBP. ⑬ LE MMT 5/5 - equal. SLR's / SLU-P / PKB O/E.
L3-L5 PA glides TP ⑧ L3/5. ⊕ Torti-s ⑬ ⑦x ⑥.
L5/S₁ Lats of recurbent. Education, assess Flex.5/1.7

Recommendations/Plans: (o+7.H/uts as we would like a cane
as he feels unsteady and back locks up. Recommen-
a cane for long distance ambulation.

_____ _____ 2/14/17
**Print Practitioner's Name**    **Practitioner's Signature**    **Date**

---

Facility Medical Director Use Only
I have reviewed the recommendations and:

Exhibit A-7

☒ Approve.

☐ Deny or revise as indicated on the Notification of Medical Service Referral Denial or Revision,
DOC 0255.

Tim Chamberlain, M.D.    _____    2/15/17
**Print Facility Medical Director's Name**    **Facility Medical Director's Signature**    **Date**

Distribution: Offender's Medical File, and    Page 1 of 1    DOC 0254 (Eff.4/2007)
If denied/revised, Health Care Unit Administrator    (Replaces DC 7105)

ILLINOIS DEPARTMENT OF CORRECTIONS
**Medical Special Services Referral and Report**

Dixon CC
(Facility)

Offender's Name: _Foster Andre_   ID#_ K75298_

Reason for Referral:
☐ Consult    ☐ Non-Formulary Medications   ☐ Medical Equipment
☐ Evaluation   ☒ Management
☒ Procedure/service (specify) Physical Therapy
☐ Other (specify) _____

Urgent: ☐ Yes    ☐ No

Referred to: _____

Rationale for Referral: _____

Print Referring Practitioner's Name

Referring Practitioner's Signature

Date

**Findings:** _Notes 11-7 12) gr-o. - pain._

_____

_____

**Assessment:** _(1) BL Moss   3) Heist / Jackson-st/_
_flexion / stretch, PA glide, Trunce_
_HV E-Stim (Lower Back_

**Recommendations/Plans:** _Cont_

_____

_____

Print Practitioner's Name

Practitioner's Signature

Date 3/02/17

Facility Medical Director Use Only

I have reviewed the recommendations and:

☒ Approve.

☐ Deny or revise as indicated on the Notification of Medical Service Referral Denial or Revision, DOC 0255.

Jim Chamberlain, M.D.

Print Facility Medical Director's Name

Facility Medical Director's Signature

Date 3/3/17

ILLINOIS DEPARTMENT OF CORRECTIONS

**Offender Outpatient Progress Notes**

DIXON Correctional _____ Center    Exhibit A·8

| Offender Information: | | | |
|---|---|---|---|
| Foster | Andre | | K75298 |
| Last Name | First Name | MI | ID#: |

| Date/Time | Subjective, Objective, Assessment | Plans |
|---|---|---|
| 6/30/17 | VISIT B/P 120/72 TPR 98.4 14 P 84 WT 280 C: flu xrays spine hips pain meds | |
| | S. Cu 6-15-17 x R cervical spine + hips Reading - old DJD 38 yea old. Nanah 6. 2016 phone booth fell on headsine on pri c̄ neck to back and letly hips O no acute findg A: Pain neck back hip etc due to phone booth felly on Pt Nonah last yr (Robin - ultram + neprey). | ANA - R/ f CRP - sed rate f/u + mall |

Exhibit - A·8   6/30/17

ILLINOIS DEPARTMENT OF CORRECTIONS

**Offender Outpatient Progress Notes**

DIXON Correctional _____ Center

Offender Information:

Foster                Andre              K75298
Last Name             First Name    MI    ID#: _____

| Date/Time | Subjective, Objective, Assessment | Plans |
|---|---|---|
| 7-6-17 0521 | lab Note: RF, ANA ESR, RF CRP drawn ── EBassett MGJ | |
| 7/18/17 1015am | RN Note: s: "I need my meds changed to prn, I have pain all the time but I can't always come over for meds." O: pain needs/meds not addressed @ previous md visit. A: alt comfort ── | P: UP line to alert ── Os── CRenner? |

Distribution: Offender's Medical Record

*Printed on Recycled Paper*

DOC 0084 (Eff. 9/2002)
(Replaces DC 7147)

ILLINOIS DEPARTMENT OF CORRECTIONS

## Offender Outpatient Progress Notes

**DIXON Correctional** _____ Center     Exhibit A-9

| Offender Information: | | |
|---|---|---|
| Foster _____ | Andre _____ | MI _____ K 75298 |
| Last Name | First Name | ID# |

| Date/Time | Subjective, Objective, Assessment | Plans |
|---|---|---|
| 7/21/17 9?0 6?0 | NP VISIT B/P 140/92 T P R 76 84 K WT 282 CC. Eval Pain meds | PE Advised pt that MD visit scheduled. Advised I do not have authority for class 2 narc |
| | Pt seen today as F/u to sick | Discussed Prednisone tapering dose pac. |
| | case visit. Cont to c/o pain | Risk/benefit o S.E. |
| | ever since phone booth fell on | Rx. Prednisone tapering dose pack 60 mg disp. Educ on use. |
| | him. Not happy c Pain med. | |
| | regimine. Had Seen MD 6/30/17 | D/C tramadol. Δ to tramadol 50 mg Bid PRN x 6 m (pt req). |
| | & is to F/u c MD in 1 m. | |
| | Had labs done. At F/u to that | Cont Naproxen 500 mg PO Bid. PC x 6 m. |
| | visit - States today " my body | Robaxin 750 mg TID PRO x 6 m |
| | just hurts all over." then | muscle rub w/c Bid PRN #1/m x 6 m |
| | req just tramadol be Δ to | Bengay Peroxide 10% w/c Dly PRO #1/m x 1 m |
| | PRN because he just cant | F/u c scheduled MD visit |
| | walk over here to get it some v.u | |
| | days (cont) | Exhibit A-9   7/21/17 1230p |

ILLINOIS DEPARTMENT OF CORRECTIONS

## Offender Outpatient Progress Notes

**DIXON Correctional** _____ Center

Offender Information:

Last Name: Foster    First Name: Cindre    MI: _____    ID#: K75298

| Date/Time | Subjective, Objective, Assessment | Plans |
|---|---|---|
| 7.21.17. 9⁰⁰ am | NP Note Cont.<br><br>O. Alert male who a mks<br><br>i Quad cone 7.6.17.<br><br>Labs C-Rac Protein. WNL<br><br>Renal Panel. WNL. Sed Rate. 4.<br><br>ANA. None detected<br><br>Rheum factor < 10.<br><br>A. Chronic pain syndrome.<br><br>Susan Tuell, FNP BC | |
| 8/15/17 1015 AM | RN Note<br>S: I have dry skin, itchy, I had a<br>MD Apt scheduled - ø tee doregt.<br>I am constipated - Lactlose ran out.<br>Pain in shoulders, arms, groin<br>Stomach, back, lt leg/back<br>h. PS: knee caps<br>O: wt 280, 68, 16, 97³, 124/80 | R Attn tenta<br>? FU c̄ MD<br>Apt already in<br>place |

*Printed on Recycled Paper*

ILLINOIS DEPARTMENT OF CORRECTIONS

**Offender Outpatient Progress Notes**

Exhibit A·10

_____ Center

Offender Information:

Foster — Andre — K 25298
Last Name / First Name / MI / ID#:

| Date/Time | Subjective, Objective, Assessment | Plans |
|---|---|---|
| | A: Alt in Comfort | M. Sumer |
| | | |
| 8/31/17 | RN note S: "this is orging process" | P: monitor it |
| 2:05PM | O: A0x3. 140/110, 62, 97', 98% 16 | treat as |
| | skin flashtne warm + dry. | ordered. assess |
| | lungs CTA, BS x4 sitty ↑ | for pain t treat |
| | in wc c ψ↓↓ distress noted | Prns. I/M u-eq |
| | S/R "need my shower shoes" | POC |
| | called the SS for meds et toiletries | |
| | A: Alt comfort | Thundah |
| 8/31/17 | RN NOtc S: "my back went out @ | P: cont to monitor |
| 8:30pm | crew line." | |
| | O: A&O, Out for dayroom, | |
| | cooperative, req tramadol but | |
| | denies anysignificant discomfort, | |
| | reports (L) side co$ numb and | |
| | he falls skin WID, BS c/the, | |

ILLINOIS DEPARTMENT OF CORRECTIONS

## Offender Outpatient Progress Notes

DIXON Correctional _____ Center

Offender Information:

Foster _____ Andre _____ ID#: K75298
Last Name        First Name        MI

| Date/Time | Subjective, Objective, Assessment | Plans |
|-----------|-----------------------------------|-------|
| | Ls clear, Ø bruising | |
| | Ø swelling to Ø side | |
| | A: alt in comfort ___ | ___ C(Peppers?) |
| 9:00pm 8-31-17 | CNA Note: T-97.7 P-58 R-16 BP- 122/82 Ate-75% | ___ CNA |
| 11:30 pm 8/31/17 | CNA Note: 963-68-16 — 10/60-99% CNA Daniels | |
| 8/31/17 11:50 pm | RN Note - Pt. states, "It hurts a 6 out of 10, but it is better if I just lay still." Pt. refused assessment, calm and cooperative, but not wants to be touched at this point, RLR, stiff, but Ø other s/s of distress. A: Alt in comfort. ___ | P: EiCi T M - Ultram scheduled - Stiffening up could make pain worse. Pt. Vll ___ A. Smooth |

ILLINOIS DEPARTMENT OF CORRECTIONS
OFFENDER INFIRMARY PROGRESS NOTES
DIXON CORRECTIONAL CENTER

Exhibit A·11

**Offender Information:**

Foster                Andre                    ID#: K52998
Last Name              First Name        MI

| Date/Time | Subjective, Objective, Assessment | Plans |
|---|---|---|
| 9/26/17 640p | **NURSING INFIRMARY ADMISSION SHEET**<br><br>S: COMPLAINTS<br><br>pain 8/10<br><br>REASON FOR ADMISSION: hernia surgery<br><br>ADMITTING PHYSICIAN: Dr. Elazegui<br><br>O: DOB: 9/13/1978   AGE: 39<br><br>WEIGHT: 300   HEIGHT: 5'11"<br><br>T: _____ P: _____ R: _____ B/P: _____<br><br>ALLERGIES: NKDA<br><br>OTHER MEDICAL CONDITIONS:<br><br><br><br>CURRENT MEDICATIONS: | PE: *activity as tol<br>• no heavy lifting + lewe<br>• clear liquid diet, advance<br>  as tol<br><br>• cont. previous meds |
|  |  |  |
|  |  |  |

Exhibit A·11

Printed on Recycled Paper

ILLINOIS DEPARTMENT OF CORRECTIONS

**Offender Infirmary Progress Notes**

Dixon Correctional Center

Offender Information:

Last Name: Foster   First Name: Andre   MI: ___   ID#: K75298

| Date/Time | Subjective, Objective, Assessment | Plans |
|---|---|---|
| 9/26/17 6pm | RN note: S- "I dont want to be locked up in here all day". O - calm/cooperative, AV0x3, 15 deer, RSx4, In WLC States he cannot walk, pain 8/10, incision to (R) obd well approximated, redness or s/s of infection, s/s of distress A: alt skin integrity | Be CTU |

Printed on Recycled Paper

DOC 0085 (Eff. 9/2002) (Replaces DC 7147)

ILLINOIS DEPARTMENT OF CORRECTIONS

**Offender Outpatient Progress Notes**

**DIXON Correctional** _____ Center     Exhibit A'12

Offender Information:

Foster _____ Andre _____ MI _____ ID#: K75298
Last Name          First Name

| Date/Time | Subjective, Objective, Assessment | Plans |
|---|---|---|
| 10/20/17 @ 0900 | M.D. VISIT<br>B/P 130/80 TPR 97.3/16/20 WT 286<br>CC: MEDICAL WRIT FOLLOW UP:<br><br>Pt. c/o ① inguinal hernia<br>repair. Pt. has no complaints @<br>this time. When asked regards<br>to Telephone booth incident if he<br>was referred to QR — pt. states<br>he was not sent - out. Pt. guilty for blackbox.<br><br>O: A&O. Comfortable. NAD.<br>GU: incision site healed.<br>⊖ abnormal swelling.<br><br>1) s/p incarcerated hernia repair (inguinal)<br>repair — doing well.<br>→ will resume colace c̄ daily.<br>→ refund pt. to call c̄ any pain.<br>The post/op not medically necessary @ this time.<br>→ After further chart review "blackbox" is not<br>medically necessary @ this time. | ✓ colace 100g 1 daily<br>X 30 days.<br><br>OR<br><br>Mike 10/20/17 1P<br>Ibraheem<br><br>Pt. voiced understanding.<br>Exhibit A'12 |

ILLINOIS DEPARTMENT OF CORRECTIONS

## Offender Outpatient Progress Notes

__DIXON Correctional__ Center

Offender Information:

Last Name: ~~Foster~~ (illegible handwritten)  First Name: ~~Andre~~ (illegible handwritten)  MI: _____  ID#: K75298 (handwritten)

| Date/Time | Subjective, Objective, Assessment | Plans |
|---|---|---|
| 10/27/17 BW | MD note<br><br>DATE on 10/18/17  Appeal for MRI c-spine & LS spine (Non-Approved)<br>COLLEGIAL REVIEW COMPLETED.<br>SEE UTILIZATION MANAGEMENT REPORT<br>SIGNATURE _____<br><br>Att: Need more info - Send in<br>report & site injury report, progress<br>notes regarding to phone booth injury.<br><br>(er with T office - Appeal was<br>denied). Pt. had significant workers to ext on 9/14/17.<br><br>→ Will schedule pt. c̄ Dr. Zotho<br>to reeval.<br><br>→ Appeal Denial form completed. | ① Schedule c̄ Dr. Zotho<br>(reeval)<br><br>(illegible signature)<br>Chart/call 1:30p<br>10/27/17 |

Printed on Recycled Paper

DOC 0084 (Eff. 9/2002)
(Replaces DC 7147)

ILLINOIS DEPARTMENT OF CORRECTIONS

## Offender Outpatient Progress Notes

Exhibit A-13

DIXON Correctional Center

Offender Information:

Last Name: Foster First Name: Andre MI: ___ ID#: K75298

| Date/Time | Subjective, Objective, Assessment | Plans |
|---|---|---|
| 11/3/17 12:40 | M.D. VISIT BP 112/90 TPR 97 76 18 WT 294 CC: pain all over | |

S – multiple complaints, incl pain all over, constipation – but not taking meds regularly ahead & detail.
– Doing OK post op hernia – wanted to know the type of mesh used !?
– Having LBP & using cane for ambulation &
(*)Note – after visit, monitored pt walking down hallway c limp & almost carrying the cane! Also, had been getting PT, but d/c'ed some time ago d !–
– c/o neck pain also, ever since the injury sustained from "phone booth" trauma!

O – Afeb, NAD A&O×3 VS stbl. afebrile. s/cwl ont neg → (over)

(1) Re tx E Tramadol + DC Naproxen – per pt request.
(2) Lactulose + Colace regularly as prev'd ordered
(3) To refer to Neuro re possible Radiculopathy/eval + further wks depending on findings

Exhibit A-13

Distribution: Offender's Medical Record

DOC 0084 (Eff. 9/2002) (Replaces DC 7147)

Printed on Recycled Paper

ILLINOIS DEPARTMENT OF CORRECTIONS

## Offender Outpatient Progress Notes

DIXON Correctional _____ Center

Offender Information:

_____ Last Name _____ First Name _____ MI _____

| Date/Time | Subjective, Objective, Assessment | Plans |
|---|---|---|
| | MD Note : (cont) | |
| | [illegible] nipple, no TVD, + ROM neck | |
| | but able to touch chin to chest. | |
| | Tender (B) post neck c̄ pain radiating | |
| | towards shoulder & upper back. | |
| | — Mild (B) SI tenderness | |
| | Lungs — sl dbs (B) bases bilat-basal | |
| | Abd obese, soft/NT, no — | |
| | No CVA? Reflexes 1-2+ all over. | |
| | A: Neck pain, LBP → Renew Tramadol. | |
| | Constipation → Lactulose daily, regularly | |
| | + too Colace. | |
| | Obesity / LBP, Neck pain | |
| | DJD ? S/P (R) inguinal | |
| | hernia repair ? | |
| | ? Radiculopathy. | |

EX. A-14

**DEPARTAMENTO DE CORRECCIONES DE ILLINOIS**
**QUEJA DEL DELINCUENTE**

61-JH

| Fecha: 11-18-2016 | Delincuente: (Sírvase imprimir) Andre FOSTER | ID#: K-75298 |

| Instalación actual: Dixon Corr. Ctr | Instalaciones donde reclamo ocurría: Dixon corr. ctr |

**NATURALEZA DE LA QUEJA:**

☐ Bienes personales
☑ Conducta personal
☐ Denegación de transferencia por servicio
☐ Informe disciplinario: ___ Fecha de informe

☐ Manejo de correo
☐ Dietéticos
☐ Denegación de transferencia por el Coordinador de transferencia

☐ La restauración de tiempo bueno
☐ Tratamiento médico

☐ Alojamiento de ADA Disability
☐ HIPAA
☑ Otro (especifique): Negligence and Cruel and unusual punishment

16-12-55    Instalaciones donde se emitió

Nota: las negaciones de custodia preventive pueden ser lloraron inmediatamente a través de la administración local en la notificación de estado de custodia protectora..

Complete: Adjuntar una copia de cualquier documento pertinente (por ejemplo, un informe disciplinario, registro de Renault, etc.) y enviar a:
Consejero, a menos que el tema implica la disciplina, se considera una emergencia o esta sujeto a revisión directa por la Junta de revisión administrativa.
Queja oficial, solo si la cuestión implica la disciplina en la instalación actual o la cuestión no resuelta por el consejero.
Oficial Administrativo Jefe, solo si la EMERGENCIA reclamo.
Junta de revisión administrativa, solo si la cuestión implica transferencia negativa por el Coordinador de transferencia, custodia preventive, administración involuntaria de drogas psicotrópicas cuestiones de otra instalación excepto bienes personales cuestiones o problemas no resueltos por el oficial administrativo jefe.

El resumen del Agravio (Proporcionan la información incluso una descripción de lo que pasó, cuando y donde pasó, y el nombre o información que se identifica para cada implicado): On Nov. 6th, 2016, THE DAYROOM phone BOOTH NEAR THE OFFICERS LOUNGE AREA IN 61 FELL OFF THE WALL ON TOP OF ME. I FELL TO THE ground And had help by the c/o chouinard AROUND 7:30 PM Him And A FEW INMATES had TAKEN THIS heavy phone booth OFF TOP OF the grievant. A fellow prisoner was SEVERELY injured by this faulty housing unit 61 phone booth falling. Prior to Nov 6, incident; on october 22, 2016 c/o JONES WROTE a work order to Fix said phone booth, ON OctOBER 23, 2016

El Alivio Pedido: I would like to be compensated for damages and punitive damage for the injuries to grievant's head and lower back. For the known Fixable problems and these staff members being warden steele and Nicklaus mouton over...

☐ Solo comprobar si se trata de un reclamo de EMERGENCIA debido a un riesgo sustancial de inminente lesiones personales o otros graves o irreparables danan a sí mismo.

Andre Foster     K-75298    11/18/2016
Firma del delincuente              ID#              Fecha

(Seguir en reverso, si es necesario)

**Respuesta del consejero (si procede)**

Fecha Recibido: 12-6-16   ☐ Enviar directamente al reclamo oficial  ☐ Fuera de competencia de esta instalación. Enviar a Junta de revisión administrativa, P.O. Box 19277, Springfield, IL 62794-9277

Respuesta: Offender needs to fill out a sick call form for his medical issue. Relief requested is beyond this Counselor's ability

Jose Hernandez                        12-16-16
Imprimir/nombre del Consejero    Firma del consejero    Fecha de respuesta

**REVISION DE EMERGENCIA**

Fecha Recibido: ___

Esto determina que es un character de emergencia?   ☐ Sí; acelerar la queja de emergencia
☐ No; una situación de emergencia no es justificado. Delincuente debe presentar esta queja de la manera normal.

Exhibit A-14

Firma del oficial Administrativo Jefe        Fecha

Warden Steele was touring building 61 and seen the fallen phone booth in building 61 and that day grievant and other inmates spoke with Asst. Warden Steele about ~~this~~ the faulty phone booth situation. Asst. Warden Steele reassured them that the phone booth will be fixed. on or around, October 27, 2016 program warden Sonja Nicklaus toured housing unit 61 and she bear witness to the fallen phone booth and grievant and other inmates explain to program warden Nicklaus the phone booth situation and how no ~~one~~ one haven't fixed the phone booth; she reassured grievant and the other inmates that the phone booth will be fixed soon.

~~...ter,~~ maintenance supervisor and his workers repaired the housing ~~nit~~ 61 phone booth. After the phone booth was fixed, this maintenance ~~pervisor~~ reassured inmates that phone booth was safe ~~to~~ use again ~~ufortanuately,~~ this supervisor was mistakenly wrong.

~~n~~ November 6, 2016 at about 1:30 pm, grievant was using the ~~nce~~ fallen phone booth, (that maintenance supervisor reassured was safe to use) and suddenly this phone booth collapsed on top of grievant. As direct consequence, grievant felt severe pains stemming from head and lower back injuries. Grievant was immediately sent to Dixon cc's Hcu for medical attention for these injuries. The next day, grievant was still feeling discomfort in his lower back and ~~head and sharp pain and numbness from lower back, buttocks and legs.~~

~~n~~ Nov. 9, 2016, grievant was seen by physician Assistant Mershan about ~~said~~ injuries. This physician Assistant mershan only prescribed Ibuprofen 200 mg that was ineffective for the pain in his lower back and headaches. P.A. Mershan also schedule grievant for x-ray to exame ~~lower~~ back. on Nov. 17th, 2016, grievant had to be transported to H.c.u, because his lower back pains prevented him from just sitting on the bench at yard. This is very strange for grievant who is very athletic and is a workout fantic his 20 plus years of incarceration. This same day, medical staff prescribed medication Robaxin, 750 mg (muscle relaxer)

in conclusion, grievant request compensatory and punitive damage for his obviously preventable injuries and pain stemming from fallen phone booth, and Dixon cc's maintenance supervisor's actions of concealing a faulty phone booth and Assistant wardens steele and Nicklaus's actions of ~~failing~~ failing to prevent said injuries from happen to grievant.

Exhibit A-15

**OFFENDER'S GRIEVANCE**

| Date: 16, FEB, 2017 | Offender: (Please Print) ANDRE FOSTER | ID#: K 75298 |

| Present Facility: DIXON CORRECTIONAL CENTER | Facility where grievance issue occurred: DIXON CORRECTIONAL CENTER |

**NATURE OF GRIEVANCE:**

☐ Personal Property  ☐ Mail Handling  ☐ Restoration of Good Time  ☐ ADA Disability Accommodation
☐ Staff Conduct  ☐ Dietary  ☐ Medical Treatment  ☐ HIPAA
☐ Transfer Denial by Facility  ☐ Transfer Denial by Transfer Coordinator  ☒ Other (specify): SECURUS TELEPHONE COMPANY

☐ Disciplinary Report: ____/____/____
Date of Report      Facility where issued

Note: Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
Chief Administrative Officer, only if EMERGENCY grievance.
Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

Summary of Grievance (Provide information including a description of what happened, when and where it happened, and the name or identifying information for each person involved): INMATE ANDRE FOSTER # K 75298 IS FILING THIS
GRIEVANCE DUE TO THE FACT THAT IS STATED HEREIN:
NEGLIGENCE OF THE SECURUS PHONE COMPANY,
#1. INMATE ANDRE FOSTER # K 75298 WAS USING THE
TELEPHONE HERE AT DIXON CORRECTIONAL CENTER WHEN
THE WHOLE TELEPHONE FELL ON INMATE ANDRE FOSTER
# K 75298 THE PHONE BOOTH WASN'T PROPERLY PUT UP
ON THE WALL HERE AT DIXON CORRECTIONAL CENTER HOUSING
UNIT # 61?
#2. INMATE: ANDRE FOSTER # K 75298 HAVE SUFFER
A GREAT DEAL OF PHYSICAL DISEASE OF MY LOWER BACK
WHICH CAUSE (ME) INMATE ANDRE FOSTER # K 75298 TO
WEAR A BACK BRACE DAILY WHICH MAY LEAD TO (ME)

☐ Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

Andre Foster      K-75298      2 /12/2017
Offender's Signature      ID#      Date

(Continue on reverse side if necessary)

**Counselor's Response (if applicable)**

Date Received: 2 / 25 / 17   ☐ Send directly to Grievance Officer   ☐ Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277

Response: Base on Offender's writing he is receiving medical
care from HCU. He should continue to seek help with his
medical issues from HCU. As far as Securus is outside of
jurisdiction of this facility.

Jose Hernandez      3 / 1 / 15
Print Counselor's Name      Counselor's Signature      Date of Response

**EMERGENCY REVIEW**

Date Received: ____/____/____

Is this determined to be of an emergency nature?

☐ Yes; expedite emergency grievance
☐ No; an emergency is not substantiated. Offender should submit this grievance in the normal manner.

Exhibit A-15

____/____/____
Chief Administrative Officer's Signature      Date

Distribution: Master File; Offender      Page 1      DOC 0046 (8/2012)
Printed on Recycled Paper

INMATE ANDRE FOSTER K75298 USING A CANE ANS
SUFFERING MORE PAIN EVERYDAY;

# INMATE ANDRE FOSTER K75298 IS BEING MEDICATED
WITH (500 MG AND 750 MG) OF METHOCORANOL
(3 TIMES A DAY) I'M (INMATE ANDRE FOSTER K75298)
IS GOING TO (PHYSICAL THERAPY) I'M NEED A
CANE OR MORE OTHER MEDICAL ASSISTANCE DO TO MY
BACK AND LEGS GIVE OUT ON ME (INMATE ANDRE
FOSTER# K75298 WHEN I'M GOING FOR WALKS OR
ON ANY CALL PASSES...

                    END OF GRIEVANCE


RELIEF REQUESTED: INMATE ANDRE FOSTER K75298
IS ASKING THAT SECURUS TELEPHONE COMPANY
PAY (ME) INMATE ANDRE FOSTER K75298 FOR FUTURE
HEALTH PROBLEMS AND PAY INMATE ANDRE FOSTER K75298
A HUNDERD THOUSAND DOLLAR FOR EVERYDAY (I) INMATE
ANDRE FOSTER K75298 SPEND SUFFERING FROM THE
UNPROPERLY TELEPHONE BOOTH FALLING ON (ME)
INMATE ANDRE FOSTER K75298

ILLINOIS DEPARTMENT OF CORRECTIONS
## RESPONSE TO OFFENDER'S GRIEVANCE

*Exhibit A-16*

| Grievance Officer's Report |
|---|

Date Received  12/9/16              Date of Review: 2/15/17              Grievance # (optional): 16-12-55

Offender:  Foster, Andre                                    ID#: K75298

Nature of Grievance:  Staff Conduct / Medical / Negligence

**Facts Reviewed:**  This Grievance Officer notes Inmate Foster's grievance where he indicates the phone booth that had fallen off the wall and injured him.

In accordance with Department Rule 415, all treatment must be ordered by the Facility's Medical Practitioner and not a matter of inmate preference.  This Grievance Officer has no authority to evaluate clinical decisions made by licensed physician.

Offender Foster has admitted in this grievance to receiving medical treatment related to incident.  Offender needs to utilize the sick call procedure if problems or symptoms continue.

This Grievance Officer notes cells conditions are inspected by Administration and Security staff to ensure proper living conditions.  If repairs are needed, work orders are completed to address the repair.  All repairs are an administrative decision based on severity, priority, security and safety and not a matter of offender preference.

Offender Foster's claim of staff misconduct cannot be substantiated.

**Recommendation:** Based upon a total review of all available information, this Grievance Officer is reasonably satisfied Inmate Foster has access to medical care and recommends no further action.

_____          _____
Becky Grafton, CWS                     Grievance Officer's Signature
Print Grievance Officer's Name
(Attach a copy of Offender's Grievance, including counselor's response if applicable)

| Chief Administrative Officer's Response |
|---|

Date Received:  __2/15/17__          ☒ I concur          ☐ I do not concur          ☐ Remand

Comments:

_____          ___2/15/17___
Chief Administrative Officer's Signature                     Date

| Offender's Appeal To The Director |
|---|

I am appealing the Chief Administrative Officer's decision to the Director.  I understand this appeal must be submitted within 30 days after the date of the Chief Administrative Officer's decision to the Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277. (Attach a complete copy of the original grievance, including counselor's response, if applicable, and any pertinent documents.)

_A - Foster_                              _K-75298_          _2-17-2017_
Offender's Signature                          ID#                  Date

*Exhibit A-16*

Bruce Rauner
Governor

John Baldwin
Acting Director



*Exhibit A-17*

# The Illinois Department of Corrections

1301 Concordia Court, P.O. Box 19277 • Springfield, IL 62794-9277 • (217) 558-2200 TDD: (800) 526-0844

Offender Name: *Foster, Andre*                    Date: *5/31/17*

Register # *K75298*

Facility: *Dixon*

This is in response to your grievance received on *2/27/17 3/24/17*. This office has determined the issue will be addressed without a formal hearing. A review of the Grievance, Grievance Officer/CAO response to the grievance has been conducted. For a grievance that is direct review by the ARB, a review of the Grievance has been conducted.

**Your issue regarding: Grievance dated:** *11/18/16* **Grievance Number:** *16-12-55* **Griev Loc:** *Dixon*

- ○ Transfer denied by the Facility or Transfer Coordinator
- ○ Dietary _____
- ○ Personal Property _____
- ○ Mailroom/Publications _____
- ○ Assignment (job, cell) _____

- ○ Commissary _____
- ○ Trust Fund _____
- ○ Conditions (cell conditions, cleaning supplies)
- ○ Disciplinary Report dated _____
  Incident #_____
- ⦰ Other *Back pain from phone falling on him 11/6/16*

**Based on a review of all available information, this office has determined your grievance to be:**

- ○ Affirmed, Warden _____ is advised to provide a written response of corrective action to this office by _____

- ○ Denied, in accordance with DR504F, this is an administrative decision.

- ⦰ Denied, this office finds the issue was appropriately addressed by the facility Administration.

- ○ Denied in accordance with AD05.03.103A (Monetary Compensation for Inmate Assignments)

- ○ Denied, as the transfer denial by the facility/TCO on _____ was reviewed in accordance with transfer procedures and is an administrative decision.

- ○ Denied as the facility is following the procedures outlined in DR525.

- ○ Denied as Cell Assignment/Housing is consistent with the Department's determination of the appropriate Operational capacity of each facility.

- ○ Denied as procedures were followed in accordance with DR 420 for removal/denial of an offender from/for an assignment.

- ○ Denied as this office finds no violation of the offender's due process in accordance with DR504.80 and DR504.30. This office is reasonably satisfied the offender committed the offense cited in the report.

Other: *Monetary compensation beyond jurisdiction of this office.*

FOR THE BOARD: *Debbie Knauer*          CONCURRED: *John R. Baldwin*
Debbie Knauer                                     John R. Baldwin
Administrative Review Board                        Acting Director

CC:  Warden, *Dixon* Correctional Center
*Foster*, Register No. *K75298*

*Exhibit A-17*

Mission: To serve justice in Illinois and increase public safety by promoting positive change in offender behavior, operating successful reentry programs, and reducing victimization.

www.illinois.gov/idoc

Bruce Rauner
Governor



John Baldwin
Acting Director

**The Illinois Department of Corrections**   Exhibit A 18

Dixon Correctional Center
2600 N. Brinton Avenue • Dixon, IL 61021 • (815) 288-5561 TDD: (800) 526-0844

# M E M O R A N D U M

DATE: ᒣ|ᑫ|ᒥ

TO: Foster   K75298

FROM:   James Martens
Grievance Officer

SUBJECT: Grievance returned due to the following reason(s):

- [ ] *Supplemental Sentence Credit is an Administrative decision; therefore this issue will not be addressed further*
- [ ] Use proper Committed Persons Grievance Report form (DOC 0046)
- [ ] Contact your assigned counselor
- [ ] Illegible; resubmit legible copy for consideration
- [ ] Correspondence/Request misdirected, send request slip to appropriate department
- [ ] Failed to file in accordance with DR 504.810 (b); submit additional and specific information
- [ ] Nature of grievance and relief requested are two separate issues – clarify and resubmit
- [ ] Failed to file in accordance with DR 504.810 (a); timeframe
- [ ] Issue previously grieved
- [ ] Inmates may not submit grievances on/for other inmates; only personal relief may be requested
- [ ] Requests for restoration of GCC should be forwarded to the Adjustment Committee; if denied utilize the grievance process to appeal.
- [ ] Address concerns to the Illinois Prisoner Review Board, 319 E. Madison St., Suite A, Springfield, Illinois 62701
- [ ] Contact the Record Office with your request and/or additional information
- [x] This issue is outside the jurisdiction of Dixon Correctional Center
- [ ] Forward directly to the Administrative Review Board, P.O. Box 19277, Springfield, IL 62794
- [ ] Need to appear before the Adjustment/Program Committee prior to review
- [ ] No justification for further consideration
- [x] Comments   Relief requested is outside IDOC jurisdiction or authority.

Exhibit A 18

*Mission: To serve justice in Illinois and increase public safety by promoting positive change in offender behavior, operating successful reentry programs, and reducing victimization.*

**www.illinois.gov/idoc**

Exhibit A: 19

To: maintenance Supervisor (carpenter)

Inmate Andre Foster K-75298 who is house in building 61: I'm writing you inconcern of, a phone booth is sitting on a unsafe & unbalance table, that's putting us inmates salty in harm's way, as well. do to this phone booth being down, Its causing tension among us inmates because this building ever populated with a 178 inmates with only 5 phones and now 4 phones, I/m Foster and other inmates had already talk with the warden, and he Bare witness the phone booth laying on the day Room table in a unsafe situation, I/m Foster Asking could you please come and fix the phone booth As soon as you could, because I'm not trying to get hurt by inmates or this unstable phone booth. thank you very much for your time and Assistance.

10-24-2016
Andre Foster K-75298
61-7

Exhibit A-19

Exhibit A-20

=TO: Administrative Review Board = 3/21/2017

I'm Foster Are writing inconcern of the Response of This Grievance.

I didn't Receive The Answers That I was looking For, OR THE Relief I was expecting, So I'm hoping IF Its in ya'll Authority OR power, could I please Receive Some Kind of Relief And Answers in this Matter. Thank you So Kindly For your help And Assistance.

Andre Foster ~~~~
K-75298

Exhibit A-20

EX. A-21

**ILLINOIS DEPARTMENT OF CORRECTIONS**
**WORK ORDER**

Carpenter

| | |
|---|---|
| Work Order No. 10-333 | Location 61 |
| Date _____ Approval _____ | Room DAY Rm  Floor |
| DESCRIPTION OF WORK | Requested by SALEH |

DAY ROOM
South EAST PHONE BOOTH CAME UNANCHORED
FROM WALL, PRESENTLY SUPPORTED
BY A DESK

Labor Cost: _____
Material Cost: _____

| Assigned To | Actv. | Building 61 | Priority | Hours | Date Completed |
|---|---|---|---|---|---|

Distribution: Chief Engineer, Department Head, AWO

DOC 0431 (Eff. 9/2015)
(Replaces DC 806-1A)

EX-A-22

Exhibit A-22

Carpenter

ILLINOIS DEPARTMENT OF CORRECTIONS
**WORK ORDER**

| | |
|---|---|
| Work Order No. 10-252 | Location H461 |
| Date 10-22-16 Approval | Room Dayrm Floor |
| DESCRIPTION OF WORK | Requested by 40 Jones |

Phone booth needs to be reattched to the wall. Phone booth sitting on table for use. I'm crawling in phone booth causeing a Safty issue

Labor Cost:

Material Cost:

| Assigned To | Auth | Building | Priority | Hours | Date Completed |
|---|---|---|---|---|---|
| | | | | | |

Distribution: Chief Engineer, Department Head, AWO

DOC 0431 (Eff. 9/2015)
(Replaces DC 806-1A)

**Securus Technologies, Inc.**

Exhibit A. 23

## 2. DESCRIPTION OF SUPPLIES AND SERVICES

**2.1 GOAL:** The Illinois Department of Central Management Services is issuing an Invitation for Bid for Inmate Collect Calling contract which will allow Department of Corrections (DOC) to continue to provide this service for all inmates. This service will give the inmates the ability to make telephone calls to family, friends and legal counsel.

The DOC currently has approximately 2100 phones installed at 32 DOC facilities, eight Department of Juvenile Justice (DJJ) facilities and one Department of Human Services facility. DOC population number for the conclusion of FY11 (June 30, 2011) was 47,212. Estimated population at the end of this fiscal year is 48,500. DJJ population at the end of FY11 was 1105. Estimated population at this year end is 1000.

**Securus has read, understands, and complies.**

**2.2 SUPPLIES AND/OR SERVICES REQUIRED:**

**Agency Description Services and Supplies**
Minimum mandatory requirements shown in this IFB are for service to replace Inmate telephones and local/long distance call that are currently in place at existing locations, for the installation of the Service at new locations, and for any growth or expansion at existing locations.

**Securus has read, understands, and complies.**

The Vendor will provide, install, own and maintain telephone equipment, an Inmate Collect Calling Control System, and local and long distance telephone calling operator services in correctional institutions as described in this IFB. Additionally, the Vendor will provide for prepaid phone minutes to be purchased, used and controlled on a per inmate basis.

**Securus has read, understands, and complies.**

It is understood and the Vendor hereby agrees that it will be solely responsible for everything necessary to provide the Service unless specifically excluded elsewhere in this IFB. It the responsibility of the Vendor to verify the completeness of all components of the Service proposed, and any additional equipment, material, or services required for its installation, operation, or maintenance will be provided by the Vendor without claim for payment or reduction in commissions; it being understood that a complete statewide operation Service is required.

**Securus has read, understands, and complies.**

The Vendor will provide and coordinate all Local Exchange Company services associated with providing the contracted Service, including ordering, administration, installation coordination, maintenance, and making payment for same.

**Securus has read, understands, and complies.**



**State of Illinois - Inmate Collect Calling/12-67094**
© 2012 Securus Technologies, Inc. All rights reserved.

58

Securus Technologies, Inc.

*Exhibit A 24*

**Mandatory Specifications – the following Specifications will be considered on a Met/Does Not Meet basis– if the Vendor fails to meet any of the following specifications their bid will not be further evaluated.**

✔ **Securus has read, understands, and complies.**

| 2.2.1  System and Operational Requirements | Met | Not Met |
|---|---|---|
| **Inmate Phone System:** The primary intent of the System is to establish management of Inmate telephone privileges as an effective management tool for DOC and DJJ. This service must support an Inmate Personal Identification Number (PIN) system and interface to 100Mb and up Microsoft Ethernet environment. | X | |
| **Equipment:** All equipment and hardware installed will be new and suitable for the Corrections environment described below. No equipment of any type is acceptable if serial numbers or any other manufacturer's identifying labels or marks have been removed, obliterated, or changed in any way. The vendor must assume all costs of the equipment, installation and maintenance. The vendor shall replace any or all of the call monitoring and recording equipment as required during the term of this contract at no cost to the State. | X | |
| **Telephone Instruments:** Mounted telephone instruments for use in a Corrections environment will be tamperproof and consist of steel encased housings and shockproof keypads. All handsets will be of heavy-duty construction with no removable parts. The handset cord will be armored with a stainless steel lanyard. All phone instruments will be waterproof and fireproof and have key-locked mountings to the wall. All phone instruments will be fine powered.<br><br>Portable telephone instruments for use in a Corrections environment will be standard 2500 phone set with a standard length handset cord. | X | |
| **Intercoms:** The Vendor will provide intercom style recording capabilities at non-contact visitation rooms within DOC maximum facilities (Tamms, Menard, and Pontiac) and DJJ (St. Charles, Harrisburg, Joliet) at no additional cost to the State. The audio recording from non-contact visits shall be stored and retrieved in the same manner as the inmate phone call recordings.<br><br>Sites where non-contact visit recordings are needed are subject to change. | X | |
| **Recorder/Monitoring Equipment:** The Vendor must assume responsibility for installing, maintaining and replacing recording and call monitoring equipment at no cost to the State at each site (centralized is more accurate unless this pertains to telephone lines, switches, etc.) under this contract and each new site added under this contract.   Vendor will assume all costs of installation and wiring associated with this equipment.<br><br>The equipment must include a multi-channel quality digital recorder or equivalent approved by DOC, and software customized to IDOC and IDJJ requirements listed herein.  The recorders must provide the ability to search for calls by date, time, channel of the recorder, and/or PIN.  The recording system will permit retrieval, at minimum PIN, date/time of call, location of call, and dialed number. The security over the data must be able to be set at the preference of DOC/DJJ.<br><br>At a minimum, the recording system will store call recording and data for the length of the contract. Equipment necessary to support the solution will be installed in the existing telephone room at the institution. | X | |
| **Standards:** All equipment interfacing with the public telephone network must be FCC registered. Vendors will be prepared to provide FCC registration information upon request by the State.<br><br>As required by Illinois Public Act 95-307, all information technology, including electronic information, software, systems, and equipment, developed or provided under this contract must comply with the | X | |



**Securus Technologies, Inc.**

*Exhibit A 25*

| | Met | Not Met |
|---|---|---|
| applicable requirements of the Illinois Information Technology Accessibility Act Standards as posted at http://www.dhs.state.il.us/iitaa.<br><br>Telephones and ancillary items necessary to meet Federal, State, and Local Government Handicap and Americans with Disabilities Act (ADA) requirements and their implementing rules and regulations will be installed by Vendor, as required by the State.<br><br>Vendor must provide two Telecommunications Devices for the Deaf (TDDs) with printers at each facility. The state reserves the right to require other TDD instruments if and when the need should arise. Vendor must provide network lines to support each TDD at no cost to the State.<br><br>The Vendor will comply with or exceed all pertinent safety standards for the installation, operation, and maintenance of service (e.g. Occupations Safety and Health Administration (OSHA), American National Standards Institute (ANSI), National Electric Code (NEC), National Electric Safety Code (NESC), federal, state, and local codes and standards). | | |
| **Hardware and Software:** All hardware and software required for the operation of the Service will be provided and installed at no cost to the State. The Vendor will provide, at no cost the State, all necessary future upgrades to both hardware and software. Maintenance and installation of hardware and software as well as upgrades will be the responsibility of the Vendor. All provided hardware and software will be used by the State royalty-free throughout the term of the Contract and will not be deactivated or removed until subsequently supplanted by a new contract vendor and other hardware/software, or removed without the express consent of the State. Inmate data entered into this software will remain the property of the State. An additional copy of all vendor-installed software and all supporting documentation and upgrades will be provided at no additional charge to the State during the term of the Contract.<br><br>Any software or hardware provided for the control, administration and management of the Inmate Phone System must be provided in quantities appropriate for statewide operation of the Service, and provided for local administration of Prisoner Identification Number (PINs) and adding, deleting, and changing telephone numbers inmates are allowed to call. | X | |

### 2.2.2 Technical Requirements

| | Met | Not Met |
|---|---|---|
| **Call Recording:** Centralized Recording Solution must be capable of simultaneously recording all lines in the inmate call system with access to data and recordings from selected locations as specified by DOC and DJJ. This solution must be able to generate reports regarding inmate call processing. Call detail records must be searchable and sorted by all collected data, i.e. name and/or ID, called number, start/end date/time, site, station name/ID, call duration, alerts, etc. | X | |
| **Call Monitoring:** The system must be capable of allowing authorized staff the ability to monitor on-going calls via an internet browser.<br><br>The system must be capable of providing unmonitored or unrecorded calls. Must be able to hide recordings and call data from selected users, or from all but selected users. | X | |
| **3rd Party detection:** Vendor's Service will be able to detect a third party transfer by the called party (e.g. as for a call transfer) and will immediately disconnect the call should one be detected. A recording or other notification will be given to the calling party as to why the call was disconnected and the call detail record will be annotated accordingly. | X | |
| **Fraudulent Call Transfer Protection:** The Service will provide a means of preventing fraudulent call transfers by the call party, other than by hook switch detection as described in the subsection above. | X | |
| **Call Blocking:** The Service must allow the called party the capability of blocking unwanted calls at their instrument's keypad. | X | |
| **Operator Services:** The State requires the use of automated operator platforms. They must comply with | | |

 **SECURUS** TECHNOLOGIES

**State of Illinois - Inmate Collect Calling/12-67094**
© 2012 Securus Technologies, Inc. All rights reserved.

61

Securus Technologies, Inc.

Exhibit A 26

| | Met | Not Met |
|---|---|---|
| **C" Grade:** Vendor will receive daily "C" Grade report from DOC/DJJ. DOC/DJJ institutions need the ability to allow calls for "C" Grade inmates on an exception basis | X | |
| **Call Detail Sharing:** DOC and DJJ must be able to download call detail records to a universal format, such as wav or MP3. IDOC system security does not allow for wav file size too large) or mp3 (to prevent the playing of music files on PCs), so the format must be propriety based but must be able to be played back by a common call player (i.e. Microsoft Media Player) or a call player provided by the vendor. Features in the call player should include playback speed control and a variety of other playback controls. The System must also allow for these records to be temporarily retrieved or accessed from the backup media for reports and call tracing and other investigative purposes. The vendor provided call player should be included in exported call recordings and records for playback by outside entities (i.e. law enforcement). | X | |
| **System Usability:** Access to the Administration and Management System must be from a single workstation or server screen. Menu functions must be available on a point-and-click basis to select and print administrative reports, program inmate restrictions, program inmate authorization codes, line restrictions and program and additions/deletions and changes to the Inmate Calling Database or restriction tables on a global or individual inmate basis. | X | |
| **Rotary Phone:** Service will be provided to called parties having rotary-dial telephones. | X | |

| 2.2.5 Installation, Testing and Training | Met | Not Met |
|---|---|---|
| **Installation Standards:** All equipment, wiring, and supporting equipment and hardware will be installed in accordance with accepted industry standards and applicable codes. Where special installation considerations are appropriate or required because of environmental conditions, the type of operation at the installation site, or others factors, the Vendor will take these conditions into account and provide for them. | X | |
| **Electrical Surge:** Electrical surge and ground protection will be provided for all equipment, for both the power source and the telephone line. Installations will meet NEC and other pertinent codes. | X | |
| **Installation Compatibility:** All equipment, wiring, and supporting equipment and hardware will be mounted compatible with standard telco mountings, and, for location where existing equipment is being replaced, will be mounted equal to or better than the equipment which is being replaced. | X | |
| **Supporting Equipment and Hardware:** The State will be responsible for providing pedestals, shelters, enclosures, isolation panels, mounting hardware, and signage. Vendor shall be responsible for required instructional signage. Vendor shall be responsible for relocation of any State and Vendor provided equipment.<br><br>In locations where Vendor's equipment will replace existing equipment, the supporting equipment and hardware will be functionally and aesthetically equal to or better than the existing equipment. In new locations, the supporting equipment, hardware, and other items will be appropriate for the location, use, and environmental conditions at the site.<br><br>DOC and DJJ will have final approval on the configuration and specific supporting equipment and hardware at all locations. Any damage to State property caused by the Vendor during installation or maintenance will be repaired at the Vendor's sole expense. The Vendor will remove all debris from the installation site at least daily. | X | |
| **Intercom Calling:** Inmate telephones must be isolated or prevented from intercom calling, such that no two inmate telephones can be connected together. This may be accomplished via wiring or programming | X | |
| **Hardening:** All equipment that will be used by inmates will be hardened as necessary to limit malicious damage. Vendor is fully liable for all damage to its equipment. This includes all station wiring from the nearest IDF cross connect block to the station jack, the jack to the instrument, the jack and the | X | |



**Securus Technologies, Inc.**

Exhibit 2n

**Telco Service Ordering, Payment and Coordination:** The Vendor will be solely responsible for ordering of and payment for any local or interexchange telephone company service necessary to provide the service. The Vendor will be responsible for all coordination with the local and interexchange telephone companies as necessary to install, operate, and maintain their service.

The Vendor will be solely responsible for the integration and compatibility of the service with any and all circuits and facilities as may be provided by the local telephone company and/or carriers. The Vendor will coordinate removal of inmate telephones with current provider at locations at which it is installing replacement service. It is the intent that the State receives no billing from any provider of ancillary or supporting service which is associated with provision of the service.

✓ **Securus has read, understands, and complies.**

| 2.2.12  Service and Ongoing Support | Met | Not Met |
|---|---|---|
| **Vendor Service Center:** The Vendor must provide and maintain a 24 hour per day, seven days per week, a toll free telephone number, and an email address, to provide technical assistance to DOC/DJJ users (Intelligence/Investigations staff) and inmate call recipients and for trouble reporting. | X | |
| **Full-Time Vendor Representative:** The Vendor will provide an Account Manager as a single point of contact for all coordinating, problem solving, and troubleshooting of any and all issue that may arise during the term of this Contract. | X | |
| **Vendor Notification Process:** Vendor's proposed system will include a process to allow call recipients to accept or reject an inmates' call. The system shall track a given call recipient's response and provide reporting by PIN of rejected calls. The process shall include an 800 number established by Vendor to receive user general service and billing information. | X | |
| **Backup Service:** Vendor shall have a backup plan in the event the Inmate Calling and Control Service and/or the Administration and Management System fails, which guarantees some Service restricted to collect only calls. | X | |
| **Maintenance:** The Vendor will maintain the telephones and supporting equipment and hardware in good working order and clean condition. Inoperative or damaged items will be repaired or replaced as required below. The Vendor will satisfactorily perform all other work necessary for their efficient use and operation, or as customarily performed in connection therewith. All maintenance personnel must maintain certification from the equipment manufacturer for the term of the Contract. The Vendor will provide escalation procedures, names and telephone numbers, within twenty (20) days after award of the Contract. | X | |
| **Maintenance Expense:** The Service will be fully maintained by the Vendor, to include circuits, hardware, software, and all other components. Any and all repairs will be performed at the Vendor's sole expense during the term of the contract and any renewals, to include any charges by the LEC for fault isolation to the Vendor's equipment. | X | |
| **Software Maintenance:** The Vendor will provide all maintenance for all software it provides for operation, administration and management of the Service. In the event of a failure, it will be the Vendor's responsibility to isolate the trouble to the software or state-provided equipment. | X | |
| **Remote Maintenance and Administration:** The Vendor will be able to perform remote maintenance and administration of the proposed Service. | X | |

**2.3    MILESTONES AND DELIVERABLES:** Reporting requirements shall include:

2.3.1    **Routine Reporting:** DOC and DJJ must be able to obtain call detail reports and recurring routine (e.g. daily, weekly, and monthly) reports of all calls made from inmate telephones. Vendor must describe standard and custom reports, which can be obtained by the institution, how they are obtained, and how often they can be produced. Vendor must provide examples of

 **SECURUS**   **State of Illinois – Inmate Collect Calling/12-67094**   **68**
© 2012 Securus Technologies, Inc. All rights reserved.

ILLINOIS DEPARTMENT OF CORRECTIONS
OFFENDER'S GRIEVANCE

1-OF-2

EX.A-28

| Date: June 16 2017 | Offender: (Please Print) Andre Foster | ID#: K-75298 |
|---|---|---|

| Present Facility: Dixon C.C. | Facility where grievance issue occurred: Dixon Corr. Center |
|---|---|

**NATURE OF GRIEVANCE:**

☐ Personal Property    ☐ Mail Handling    ☐ Restoration of Good Time    ☐ ADA Disability Accommodation
☐ Staff Conduct    ☐ Dietary    ☒ Medical Treatment    ☐ HIPAA
☐ Transfer Denial by Facility    ☐ Transfer Denial by Transfer Coordinator    ☒ Other (specify): Cruel & unusual Punishment.

☐ Disciplinary Report: _____ / _____ / _____
     Date of Report          Facility where issued

Note:    Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
   Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
   Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
   Chief Administrative Officer, only if EMERGENCY grievance.
   Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

Summary of Grievance (Provide information including a description of what happened, when and where it happened, and the name or identifying information for each person involved): ON THE ABOVE DATE & TIME, I ANDRE FOSTER WAS
Issued a call pass ON June 15, 2017 for 8:30 Am
Xrays. Now As I go oN my call pass, I was THE First
one for Xrays. Now As I'm Receiving my Xray for
my hips. I've been laying oN the table for about
15 minutes. I Ask Ms. Mc Cluskey about useing The
wash Room because I had To urinate badly. So She stated
back To me, "No" and walk back iNTo the Room. So
when she came back iN 5 minutes past, I Ask her
again and she stated To me once again I Said NO →

Relief Requested: I WANT MS. Mc CLUSKEY. TO be REPRIMANd For her NEgitive over
TONE and ACTIONS. I WANT TO bE COMPENSATED for bEING Humiliated for me
having To walk over To THE diNiNg hall ANd THEN haviNg TO walk back To healTh car
and For bEING RETaliATEd against.

☐ Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

Andre Foster      K-75298    6 / 16 / 2017
   Offender's Signature        ID#        Date

(Continue on reverse side if necessary)

**Counselor's Response (if applicable)**

Date Received: 6 / 16 / 17    ☐ Send directly to Grievance Officer.    ☐ Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277

Response: Per Health care - staff denies all allegations of
mis conduct. Unable to substanciate claims.
Grievance is denied

R. wildman    cc #      [signature]    cc #    6 / 22 / 17
Print Counselor's Name        Counselor's Signature      Date of Response

**EMERGENCY REVIEW**

Date Received: _____ / _____ / _____    Is this determined to be of an emergency nature?
   ☐ Yes; expedite emergency grievance
   ☐ No; an emergency is not substantiated. Offender should submit this grievance in the normal manner.

Exhibit A 28

_____    _____ / _____ / _____
Chief Administrative Officer's Signature          Date

Distribution: Master File; Offender                 DOC 0046 (8/2012)

will have to take the xrays over, and if you do not like what I'm saying you could leave, so I didn't say any thing else until she finished taken xrays of my hips, I ask her again could I please used the rest room in this room, and she stated back to me This wash room is for the employers so No. Then she told me to walk over to the other xray machine for my neck. As I was walking over to the mochine, I once again stated to her That I really need to used the rest room because of the medication I'm taking makes me have frequent urine movement and I'm about to urinate on my self, she stated back in a threatening manner with her statement towards me, by saying If you go to the rest room I'm going to make sure you be the last person in line including behind the guys I got to do for their eye glasses. Because of her actions I urinated on myself. and was the last person in line. Also I had to go over to the dining hall to eat while in this embarrasing situation.

Now after I came back from the dining hall, ms Mccluskey call me into the xray room to get xrays on my neck. and she stated to me in a negitive tone, If I do not like what happend write a grievance, so I didn't say any thing else, This is retaliation stems from my situation about me being injured from the phone booth falling on me. and she knew why I was over their receiving xrays on my hips and neck.

EX. A-29

| Date: JUNE, 16, 2017 | Offender: (Please Print) ANDRE FOSTER | ID#: K-75295 |
|---|---|---|

| Present Facility: DIXON C.C | Facility where grievance issue occurred: DIXON CORR. CENTER |
|---|---|

**NATURE OF GRIEVANCE:**

☐ Personal Property    ☐ Mail Handling    ☐ Restoration of Good Time    ☐ ADA Disability Accommodation

☐ Staff Conduct    ☐ Dietary    ☐ Medical Treatment    ☐ HIPAA

☐ Transfer Denial by Facility    ☐ Transfer Denial by Transfer Coordinator    ☑ Other (specify): CRUEL/UNUSUAL PUNISHMENT.

☐ Disciplinary Report: _____/_____/_____
Date of Report      Facility where issued

**Note:** Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

**Complete:** Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
    **Counselor,** unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
    **Grievance Officer,** only if the issue involves discipline at the present facility or issue not resolved by Counselor.
    **Chief Administrative Officer,** only if EMERGENCY grievance.
    **Administrative Review Board,** only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

**Summary of Grievance** (Provide information including a description of what happened, when and where it happened, and the name or identifying information for each person involved): ON THE above date & Time, I ANDRE FOSTER was issued a call pass on June 15, 2017 For 8:30AM XRAYS. Now As of a few day ago I Receive New Information containing my Grievance That was wrote on June 16, 2017, So their fur, I would please like To Add These Two WITNESSES TO my Grievance So This Situation Could Be investigated In the proper form and Matter, THESE TWO WITNESSES That I have ON THIS GRIEVANCE would verify, her Negitive and THREATENED Manner and ovps Tone. C/O STEFFENS, INMATE Riley Fleming BO9969

**Relief Requested:** _____

_____

☐ Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

A. Foster      K.75298      6/16/2017
Offender's Signature      ID#      Date

(Continue on reverse side if necessary)

| **Counselor's Response (if applicable)** |
|---|

Date Received: _____/_____/_____    ☐ Send directly to Grievance Officer    ☐ Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277

Response: _____

Exhibit A-29

_____      _____      _____/_____/_____
Print Counselor's Name      Counselor's Signature      Date of Response

| **EMERGENCY REVIEW** |
|---|

Date Received: _____/_____/_____    Is this determined to be of an emergency nature?    ☐ Yes; expedite emergency grievance
     ☐ No; an emergency is not substantiated. Offender should submit this grievance in the normal manner.

_____      _____/_____/_____
Chief Administrative Officer's Signature      Date

Distribution: Master File; Offender      Page 1      DOC 0046 (8/2012)
Printed on Recycled Paper

ILLINOIS DEPARTMENT OF CORRECTIONS
**RESPONSE TO OFFENDER'S GRIEVANCE**

EX.A. 30

| **Grievance Officer's Report** | |
|---|---|

**Date Received:** 7-5-17       **Date of Review**   8-11-17       **Grievance #** (optional): 17-7-9

**Offender:** Foster       ID#: **K75298**

**Nature of Grievance:** Medical Treatment

**Facts Reviewed:** This Grievance Officer notes Inmate Foster's grievance regarding his June 15th, 2017 x-ray appointment.

This Grievance Officer notes all treatment must be ordered by the licensed physician at this facility and not a matter of inmate preference. This Grievance Officer has no authority to evaluate clinical decisions made by licensed physicians.

Per Health Care Administration, Radiology Tech McCluskey denies any misconduct and sates Offender Foster left halfway through the x rays to use the restroom and did not return.

**Recommendation:** Based upon a total review of all available information, this Grievance Officer is reasonably satisfied offender has access to health care.  No further action.

James Martens  / Grievance Officer

Print Grievance Officer's Name                    Grievance Officer's Signature
(Attach a copy of Offender's Grievance, including counselor's response if applicable)

| **Chief Administrative Officer's Response** | | |
|---|---|---|

**Date Received:** 8/14/17       ☒ I concur   ☐ I do not concur   ☐ Remand

**Comments:**

Chief Administrative Officer's Signature                    8/14/17
                                                            Date

| **Offender's Appeal To The Director** |
|---|

I am appealing the Chief Administrative Officer's decision to the Director.  I understand this appeal must be submitted within 30 days after the date of the Chief Administrative Officer's decision to the Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277. (Attach a complete copy of the original grievance, including the counselor's response, if applicable, and any pertinent documents.)

Offender's Signature                    ID#                    Date

Exhibit A-30

Governor

John Baldwin
Acting Director

EX. A-31



## The Illinois Department of Corrections

1301 Concordia Court, P.O. Box 19277 • Springfield, IL 62794-9277 • (217) 558-2200 TDD: (800) 526-0844

Offender Name: _Foster, Andre_                Date: _10/2/17_

Register # _K75298_

Facility: _Dixon_

This is in response to your grievance received on _8/30/17_. This office has determined the issue will be addressed without a formal hearing. A review of the Grievance, Grievance Officer/CAO response to the grievance has been conducted. For a grievance that is direct review by the ARB, a review of the Grievance has been conducted.

**Your issue regarding:** Grievance dated: _6/16/17_  Grievance Number: _17-7-9_  Griev Loc: _Dixon_

○ Transfer denied by the Facility or Transfer Coordinator

○ Dietary _____

○ Personal Property _____

○ Mailroom/Publications _____

○ Assignment (job, cell) _____

○ Commissary _____

○ Trust Fund _____

○ Conditions (cell conditions, cleaning supplies)

○ Disciplinary Report dated _____
   Incident # _____

Ø Other _Medical Staff - RT McCluskey_ _6/16/17_

**Based on a review of all available information, this office has determined your grievance to be:**

○ Affirmed, Warden _____ is advised to provide a written response of corrective action to this office by _____

○ Denied, in accordance with DR504F, this is an administrative decision.

Ø Denied, this office finds the issue was appropriately addressed by the facility Administration.

○ Denied in accordance with AD05.03.103A (Monetary Compensation for Inmate Assignments)

○ Denied, as the transfer denial by the facility/TCO on _____ was reviewed in accordance with transfer procedures and is an administrative decision.

○ Denied as the facility is following the procedures outlined in DR525.

○ Denied as Cell Assignment/Housing is consistent with the Department's determination of the appropriate Operational capacity of each facility.

○ Denied as procedures were followed in accordance with DR 420 for removal/denial of an offender from/for an assignment.

○ Denied as this office finds no violation of the offender's due process in accordance with DR504.80 and DR504.30. This office is reasonably satisfied the offender committed the offense cited in the report.

Other: _Allegations of staff misconduct cannot be substantiated._
_Monetary Compensation beyond scope of this office_

FOR THE BOARD: _Debbie Knauer_        CONCURRED: _John R. Baldwin_
              Debbie Knauer                          John R. Baldwin
          Administrative Review Board                Acting Director

CC: Warden _Dixon_ _____ Correctional Center
    _Foster_ _____, Register No. _K75298_        Exhibit A-31

---

*Mission: To serve justice in Illinois and increase public safety by promoting positive change in offender behavior, operating successful reentry programs, and reducing victimization.*

Ex. A- 32

| ERCP101 |  ILLINOIS DEPARTMENT OF CORRECTIONS<br>Offender 360<br>PRINTED SCHED. CALL PASS |  PAGE: 368<br>RUN DATE: 6/14/2017<br>RUN TIME: 9:01:05 PM |
| --- | --- | --- |

ILLINOIS DEPARTMENT OF CORRECTIONS - OTS

OFFENDER CALL PASS ISSUED

IDOC: K75298 FOSTER,ANDRE

PRIMARY: UNASSIGNED ,PARTICIPANT-DIX710010009

Minimum    A    Low

DIX:DIX:SE:61:17:L10

DESTINATION: HCU-RADIOLOGY          DAY: 6/15/2017     AT:
8:30:00
AM

PASS TYPE: XRAY

COMMENTS: SEE MS. MCCLUSKEY *MANDATORY*

AUTHORIZED: Niki McCluskey

CELL HOUSE SIGNATURE: _____          TIME: _____:_____

DESTINATION SIGNATURE: _____          TIME: _____:_____

EXIT SIGNATURE: _____          TIME: _____:_____

RETURN SIGNATURE: _____          TIME: _____:_____

Exhibit A 32

STATE OF ILLINOIS )
                   ) SS
COUNTY OF Lee ____ )

Ex. A

## AFFIDAVIT

I, Fleming ____ being first duly sworn under oath depose and state that the foregoing is true and correct and made upon my personal knowledge and I am competent to testify thereto.

On or around June 15, 2017, I offender Fleming was issued a call past for sick call at approx. 9am. While I was in the waiting room, offender Fleming over heard (inmate) Mr. Foster and Ms. McCluskey, as he was walking out of the X-ray room; Offender observed Mr. Foster stating to Ms. McCluskey that he did not understand why he was being punished for having to do a natural body function by urinating. Offender Fleming also heard Mr. Foster say to Ms. McCluskey that it states in my medical file about him complaining about his medication has him frequently having to urinate & not able to hold his urine for too long because of his injuries.

After inmate Foster stated to her his situation, she replied back in a very negative and aggressive unprofessional manner, with a negative overtone in her voice with threatening words, stating to Mr. Foster, that it's not her concern about his health issues, while she continued to tell Mr. Foster that if he go use the bathroom, she (Ms. McCluskey) was going to make sure inmate Foster was going to be placed at the very end of the line. Also, Ms. McCluskey stated to inmate Foster that she had to do eye glass call passes, and that inmate Foster was going to be placed behind them as well; and they hadn't came over yet. Inmate Foster reponded that he was about to urinate on himself right this minute in a pleading tone; and Ms.

PAGE 2

Exhibit A 33

McCluskey responded back to inmate Foster "I already told you your choice". Inmate Foster left, and offender Fleming observed Ms. McCluskey hand C/O Steffens, Fosters call pass, and stated to C/O Steffens to make sure he is placed behind the eye glass call passes. While sitting in the healthcare waiting room, I observed inmate Foster come to the waiting room; and sat next to me on the bench. Offender(Fleming) witnessed/noticed that inmate Foster had a strange and disturbed look on his face, and a slight smell of urine coming off him. As inmate Foster was sitting next to me(Fleming), C/O Steffens came over to inmate Foster and stated "what's this about"? "Because you have to use the bathroom"? Also, C/O Staeffens stated to inmate Foster, "I don't see why she wants you to be put last until she's ready for you over Foster using the bathroom". Inmate Foster responded back to C/O Steffens, that Ms. McCluskey have something against me(Foster), because of his situation. I Offender Fleming, bare witness to everything thats stated in this Affidavit.

_____
AFFIANT

SUBSCRIBED AND SWORN TO BEFORE ME
THIS _____ DAY _____, 20____

_____
NOTARY PUBLIC

OFFENDER'S GRIEVANCE

Date: 9-20-2017  Offender (Please Print): Andre Foster  ID#: K-75298

Present Facility: Dixon Corr Center  Facility where grievance issue occurred: Dixon Corr. Center

Exhibit A. 34

NATURE OF GRIEVANCE:

☐ Personal Property ☐ Mail Handling ☐ Restoration of Good Time ☐ ADA Disability Accommodation
☐ Staff Conduct ☐ Dietary ☑ Medical Treatment ☐ HIPAA
☐ Transfer Denial by Facility ☐ Transfer Denial by Transfer Coordinator ☑ Other (specify): Denial of Adequate medical treatment

☐ Disciplinary Report: ___/___/___
                        Date of Report                    Facility where issued

Note:    Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
    Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
    Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
    Chief Administrative Officer, only if EMERGENCY grievance.
    Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary
    administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief
    Administrative Officer.

Summary of Grievance (Provide information including a description of what happened, when and where it happened, and the name or identifying information
for each person involved): ON Sept 20 2017 I Foster had a 9:00 am Sick call pass
I was Seen by a very disagreable person who Refused To
Identify herself, and The Nurses was NOT wearing Name tags.
Before she had anything To do with/me she demanded
That I Sign a $5.00 co pay, when I Foster attempted
To explain That I had already paid a $5.00 co.pay
for these Same Issues, This allegedly Nurse refuse
To Treat me, And stated To me To Leave or go
See anoTher Nurse. So I was Told by The c/o To go
back into The waiting Room and wait until The other→

Relief Requested: The names of both alleged Nurse's who Rejected me medical
Treatment today 9-20-2017 So That I can file a complaint
with The I.D.P.R, Responsible health care, And for both Nurses→

☑ Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

Andre Foster                    K-75298        9, 20, 2017
        Offender's Signature                    ID#            Date

(Continue on reverse side if necessary)

Counselor's Response (if applicable)

Date Received: 9 / 22 / 17   ☐ Send directly to Grievance Officer   ☐ Outside jurisdiction of this facility. Send to
                                                                        Administrative Review Board, P.O. Box 19277,
                                                                        Springfield, IL 62794-9277

Response: According to the HCu IM had multi Sick Call issues that are not all related to chronic
issues, IM became argumentive + then refused to talk about issues on Sick Call slip request, eventually
the IM left Sick Call. Uniform and name tag Policies are in the HCu and are discussed during
the staff meetings. The staff denies all allegations of misconduct. Staff disipline are an
Administrative decision and not a maner of IM preferedce.
Gray
        Print Counselor's Name            Counselor's Signature        10 / 27 / 17
                                                                        Date of Response

EMERGENCY REVIEW

Exhibit A. 34

Date Received: ___/___/___   Is this determined to be of an emergency nature?   ☐ Yes; expedite emergency grievance
                                                                                ☐ No; an emergency is not substantiated.
                                                                                Offender should submit this grievance
                                                                                in the normal manner.

        Chief Administrative Officer's Signature                        ___/___/___
                                                                        Date

To call you. So while I was there, the other
nurse to see me sgt. McCallister came to talk with
me about the situation, And then after I got
thru talking with him sgt. McCallister came back
into the waiting room with my call pass, telling
me that the nurse Refuse to see you as well.
both Nurses had conspired against me by Refusing
to give me medical treatment for my health concerns
They both also Refuse to give me their names.
I'm Foster are still having health issues, I'm Not sure
how this situation are going to play out, because of these
two unprofessional nurses manner and behavior, while
They could influence other Nurses to mistreat me
as well.

Relief Requested:

To be Reprimanded and Counsel
on there conduct, And to always
ware proper uniforms when handling
Inmates, And Name Tags. As the Dixon
Corr center Rule hand book states
That Inmates suppose to be in uniform
As well as STAFF workers.

EXZIBIT: A 34

58-14

## Illinois
## Department of
## Corrections

TO: _____ DATE: _____

FROM: Gray _____

DEPT: _____

RE: _____

☐ Take Necessary action    ☐ Per Your Request
☐ For Your Approval        ☐ See Me About Attached
☐ Reply                    ☐ Return
☐ For Your Comments        ☐ File
☐ For Your Information      ☐ Route
☐ Draft (Letter) (Memo) For My Signature

**Remarks:**

According to the grievance officer, he Sent the emergency grievance back To You.

Im Foster Talk with counselor Gray, And I Requested For a copy of my Emergency Grievance, that was sent out on Sept 20, 2017, And counselor Gray Responded Back on this issue 10-20-2017 ↑ Now on 10-27-17 I Foster Recieve a copy and response on my Emergency Grievance From Counselor Gray, Showing that he was the one that responded To my Emergency Grievance, First of All he do not Suppose to be the one Responding To my emergency Grievance, And he Showed me that I Can't Trust The Grievance Process here at Dixon.Corr.center.

Exhibit A 342

10-29-2017

*Sent out on 11-7-20 17*

*Exhibit A.35*

**OFFENDER'S GRIEVANCE**

| | | |
|---|---|---|
| Date: 10-10-2017 | Offender: (Please Print) Andre Foster | ID#: K-75298 |
| Present Facility: Dixon Corr. Center | Facility where grievance issue occurred: Dixon Corr Center | |

17-10-623

**NATURE OF GRIEVANCE:**

- [ ] Personal Property
- [x] Staff Conduct
- [ ] Transfer Denial by Facility
- [ ] Mail Handling
- [ ] Dietary
- [ ] Transfer Denial by Transfer Coordinator
- [ ] Restoration of Good Time
- [ ] Medical Treatment
- [x] ADA Disability Accommodation
- [ ] HIPAA
- [x] Other (specify): Deprived of Due Process

- [ ] Disciplinary Report: ___/___/___  
  Date of Report _____ Facility where issued

Note: Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:

Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
Chief Administrative Officer, only if EMERGENCY grievance.
Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

Summary of Grievance (Provide information including a description of what happened, when and where it happened, and the name or identifying information for each person involved): I, Andre Foster # K-75298) I am a inmate at Dixon Corr. Center with a disabilities, Back, Neck, hips Left leg give out on and groin issues. My useage is a Kane, Back Brace. The above inmate brings this grievance in Accordance with DR 504(F) In violation of his rights to be free from Cruel & unusual punishment and in violation of the Illinois Department of Correction (IDOC) violate Title II of the Americans with Disabilities Act (ADA), section 504 of the Rehabilitation Act of 1973, and the Eighth & Fourteenth

Relief Requested: The names of both alleged nurses who rejected me sick call and medical treatment on Sept. 20-2017 So that I can file a complaint with the IDPR Responsible health care and for both

[x] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

| | | |
|---|---|---|
| Andre Foster | K-75298 | 10, 10, 2017 |
| Offender's Signature | ID# | Date |

(Continue on reverse side if necessary)

---

**Counselor's Response (if applicable)**

Date Received: ___/___/___

- [ ] Send directly to Grievance Officer
- [ ] Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277

Response: _____

*Exhibit A 35*

| | | |
|---|---|---|
| Print Counselor's Name | Counselor's Signature | Date of Response |

---

**EMERGENCY REVIEW**

Date Received: 10, 19, 17

Is this determined to be of an emergency nature?
- [ ] Yes; expedite emergency grievance
- [x] No; an emergency is not substantiated. Offender should submit this grievance in the normal manner.

Chief Administrative Officer's Signature          Date 10, 19, 17

Amendment 5 (42 USC S. 1983)

This Grievance is a continuation of my Grievance I wrote on Sept, 20, 2017 about Sick call. I was seen on Sept, 20 2017 Sick call line And was seen by a very disagreeable person who refused to identify herself, and the nurse was not wearing a name tag, And Before she had anything to do with/me she demanded, That I sign a $5.00 co pay when I Foster attempted to explain that I had already Paid a $5.00 co pay for these same health issues. This allegedly "nurse" refuse to treat me 'In' Foster and stated to me to Leave or go see another nurse) so I was told by the c/o To go back into the waiting room, until the other nurse call for me.

while I was waiting Sgt. McCallister came to talk with me about the situation. After I Foster talk with Sgt McCallister I went back into the waiting room. For about 10, minutes, and Sgt McCallister came back and stated to me that the other unknown nurse refuse to see me as well. So both unknown nurses had conspired against me Foster and they both refuse to give me their names and denied me Sick call. At this time I was denied, I was having very bad Stomach pain, and being constipated, while my groin was in pain, As well as my back at that time, And Two day's went by while I was going Thru pain and suffering. I had to be rush To the outside hospital on Sept 23, 2017. This was why I had To write a Emergency Grievance on Sept. 20, 2017 But I never receive my Grievance back on this matter It suppose to be responded to within 72 hours. And I still haven't receive a response back on this Grievance.

*Sent out on 11-7-2017 + 12-1-2017*

*Exhibit A-36*

**OFFENDER'S GRIEVANCE**

ILLINOIS DEPARTMENT OF CORRECTIONS

| Date: 10-10-2017 | Offender: (Please Print) Andre Foster | ID#: K-75298 |
|---|---|---|
| Present Facility: | Facility where grievance Issue occurred: | Dixon Corr Center |

**NATURE OF GRIEVANCE:**

- [ ] Personal Property
- [x] Staff Conduct
- [ ] Transfer Denial by Facility
- [ ] Mail Handling
- [ ] Dietary
- [ ] Transfer Denial by Transfer Coordinator
- [ ] Restoration of Good Time
- [ ] Medical Treatment
- [x] ADA Disability Accommodation
- [ ] HIPAA
- [x] Other (specify): Depriv of Due Process

- [ ] Disciplinary Report: ____/____/____    _____
  Date of Report         Facility where issued

Note: Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
Chief Administrative Officer, only if EMERGENCY grievance.
Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

Summary of Grievance (Provide information including a description of what happened, when and where it happened, and the name or identifying information for each person involved):

So this is the reason for me writing this Second grievance. do to cruel unusual punishment, and medical treatment, And Staff conduct For untimely responding to my Grievance I wrote on Sept. 20, 2017. this is an attempt to hinder I Foster From Exhausting my administrative remedies in a timely manner.

Relief Requested: Nurses to be reprimanded and counsel on there Conduct, And to always ware Proper uniforms when handling inmates, As the Dixon Corr center rule hand book

- [x] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

Andre Foster _____     K-75298  10, 10, 2017
Offender's Signature                ID#        Date

(Continue on reverse side if necessary)

---

**Counselor's Response (if applicable)**

Date Received: ____/____/____    [ ] Send directly to Grievance Officer    [ ] Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277

Response: _____

_____

_____

_____

Print Counselor's Name _____    Counselor's Signature _____    Date of Response ____/____/____

---

**EMERGENCY REVIEW**

Date Received: ____/____/____    Is this determined to be of an emergency nature?
[ ] Yes; expedite emergency grievance
[ ] No; an emergency is not substantiated. Offender should submit this grievance in the normal manner.

Exhibit A-36

Chief Administrative Officer's Signature _____    Date ____/____/____

Distribution: Master File; Offender         DOC 0046 (8/2012)

Relief requested.

States, that inmates suppose to be in, uniform, as well as staff workers with they I.D shown and for me to be compensated for my pain and suffering and mental distress.

ILLINOIS DEPARTMENT OF CORRECTIONS
**OFFENDER'S GRIEVANCE**

Exhibit A 31

| Date: 10-19-2017 | Offender: (Please Print) Andre Foster 58 | ID#: K-75298 |

Present Facility: Dixon Corr Center    Facility where grievance issue occurred: Dixon Corr Center

**NATURE OF GRIEVANCE:**

☐ Personal Property    ☐ Mail Handling    ☐ Restoration of Good Time    ☐ ADA Disability Accommodation
☐ Staff Conduct    ☐ Dietary    ☐ Medical Treatment    ☒ HIPAA
☐ Transfer Denial by Facility    ☐ Transfer Denial by Transfer Coordinator    ☐ Other (specify): _____

☐ Disciplinary Report: ___/___/___    7-12-14
Date of Report    Facility where issued

**Note:** Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
Chief Administrative Officer, only if EMERGENCY grievance.
Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

Summary of Grievance (Provide information including a description of what happened, when and where it happened, and the name or identifying information for each person involved): I'm Foster writing inconcern of a Grievance that I wrote and sent out on Sept-20-2017. It was a Emergency Grievance that was wrote. And I haven't Receive a Response on it yet. Also It is concerning Medical Issues. Could I please Receive a copy of my Emergency Grievance that was wrote on Sept-20-2017 along with my medical records from this starting date for copies 11-8-2016 until now.

Relief Requested: Could I please receive a copy of my Grievance and medical records, and receive adequate medical treatment.

☐ Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

Andre Foster    K-75298    10, 19, 2017
Offender's Signature    ID#    Date

(Continue on reverse side if necessary)

**Counselor's Response (if applicable)**

Date Received: 10, 19, 17    ☐ Send directly to Grievance Officer    ☐ Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277

Response: "Moot" → Copy of Grievance comes from Clinical Services
→ I'll need to send a request slip to medical Records for copies P.Shelton

_____    II, 16, 17
Print Counselor's Name    Counselor's Signature    Date of Response

**EMERGENCY REVIEW**

Date Received: ___/___/___    Is this determined to be of an emergency nature?    ☐ Yes: expedite emergency grievance
☐ No; an emergency is not substantiated. Offender should submit this grievance in the normal manner.

Exhi0.A.31

_____    ___/___/___
Chief Administrative Officer's Signature    Date

ILLINOIS DEPARTMENT OF CORRECTIONS
## RESPONSE TO OFFENDER'S GRIEVANCE

*Exhibit ?*

| Grievance Officer's Report |
|---|

Date Received: 12-4-17        Date of Review: 1-11-18        Grievance # (optional): 17-12-14

Offender: Foster        ID#: K75298

Nature of Grievance: Requests for copies of emergency grievance and requests for Medical Records-copies

**Facts Reviewed:** This Grievance Officer notes Inmate Foster's issue regarding his request for copies of his Medical Health records and grievance dated 9-21-17.

In accordance with Department Rule 415, all treatment must be ordered by the Facility's Medical Practitioner and not a matter of inmate preference. This Grievance Officer has no authority to evaluate clinical decisions made by licensed physician.

Per Health Care Administration, Inmate Foster needs to send a request slip to medical records for copies. Subpeona/Legal and outside medical office requests are priority over offender request.

Grievance records indicate Inmate Foster received the grievance dated 9-21-17 back with the counselor response on 12-1-17 and has appealed to the Grievance Officer on 12-12-17. Grievance Officer review is currently pending.

**RECEIVED**

FEB 1 3 2018

ADMINISTRATIVE
REVIEW BOARD

**Recommendation:** Based upon a total review of all available information, this Grievance Officer is reasonably satisfied Inmate Foster grievance has been addressed and recommends no further action.

James Martens/ Grievance Officer
Print Grievance Officer's Name                    Grievance Officer's Signature
(Attach a copy of Offender's Grievance, including counselor's response if applicable)

| Chief Administrative Officer's Response |
|---|

Date Received: 1/16/18        ☑ I concur        ☐ I do not concur        ☐ Remand

Comments:

Chief Administrative Officer's Signature                    1/16/18
                                                            Date

| Offender's Appeal To The Director |
|---|

I am appealing the Chief Administrative Officer's decision to the Director. I understand this appeal must be submitted within 30 days after the date of the Chief Administrative Officer's decision to the Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277. (Attach a complete copy of the original grievance, including the counselor's response, if applicable, and any pertinent documents.)

Offender's Signature                    ID#                    Date

*Exhibit A37²*

Exhibit A-38    Copy

To: Grievance officer martens 1-15-2018

I'm Foster are writing to you inregards of my grievance that has been in your hand's over two month's now. My grievance is dated on 9-20-2017 for medical treatment, I sent this grievance out to you on 11-5-2017 officer hughes witness me. Foster putting this request in the mail bag on 1-15-2018 I will truly appreciate if you would respond to my Grievance and send it back to me. thank you for your time and assistance.

Andre Foster R-75298
58-14

Exh: A-38

Exhibit A.5

DATE ↓
1-23-2018

To: A.R.B.

       Im Foster are writing inconcern
of my first amendment Rights being violated once
again by Grievance officer martens On 9-20-2017
I wrote a emergency Grievance about me being
denied medical treatment by two unknown nurses
I just found out one of them nurses name,
her name is ms. wolford who had work on this
day 9-20-2017 who refuse to treat me. Now this
Same Grievance was sent out to the A.R.B on
10-29-2017 Because I was having past issues
with mr. martens & Counselor Gray about this
Same 9-20-2017 Grievance, when mr. martens lied
about Sending me a copy of my Grievance when he
actually never did, Because this is what Grievance
officer stated to counselor Gray that he Sent my
emergency medical Grievance back to me, Then
two weeks later mr Gray had Sent my Emergency
medical Grievance back to me on 10-27-17
and I Sent it back out to mr. martens on 11-5-2017
So my Grievance that was written on 9-20-2017 has
been in Grievance officer martens possession for
over 2 months and i Still haven't got a response
or a copy back on this Grievance 9-20-2017
medical. Once again it Shows that mr martens
are hindering me from completing my Exhaustion
of my Grievance process. So this is my purpose of
Sending this letter and Grievance to the 9-20-2017
medical A.R.B → Emergency Grievance )

Pg #2

Exhibit A pg2

Could my Grievance please get Exhausted in the proper manner and time. Grievance officer Marten needs to step down From this position, because its clear to see that he's not doing his job right Not with me anyways.

I hope & trust that A.R.B will help assist me in this matter and continue with the process of my Grievance. thank you ~~~~~ for your time and assistance. 1-27-18 Andre Foster

Andre Foster K-75298

58-14

STATE OF Illinois
COUNTY OF Lee

Sworn to (or affirmed) and subscribed before me
this 27th day of Jan, 2018, by Andre Foster

Sally A Joos
Sally A Joos

Notary Public's Signature        Notary Name
My Commission Expires on 7-12-2020

OFFICIAL SEAL
SALLY A. JOOS
NOTARY PUBLIC, STATE OF ILLINOIS
My Commission Expires Jul 12, 2020

To: A.R.B.                Exhibit A. 40          2·8·2018

    I'm Foster writing in concern of an ongoing
issue with properly completing my Grievance process in a
timely manner do to unprofessional behavior and lies
Dixon corr center staff are conspiring against
I/m Foster, because Grievance officer martens
trying to hinder I/m Foster from exhausting
my administrative remedies in a timely manner.
It it clear to see my request I wrote to Grievance
officer martens on 1-15-2018, About a Grievance
that was written on 9-20-2017, and ofc martens
had this Grievance over two months. and ofc
martens responded back talking about a
different Grievance. This is the reason why I
sent the A.R.B. copies of my emergency grievance
after the warden responded back, Because
of the issues I was having with the counselor's
and ofc martens of there inconsistences
and lies with the handling of my Grievance's
Also Grievance 17-12-14 was the Grievance ofc
martens responded back with concerning my
request that was written on 1-15-2018

                              2-8-2018
                           Andre Foster K-25298
Exh: A-40             58-14

TO: ABB                    Exhibit A. 4                    4-30-2018

I'm Andre Foster are writing inconcern of my procedural Due process being violated, Do to my Emergency Grievance's being delayed and hindering me from Exhausting my Grievance's in a timely manner, Grievance 9-20-2c For medical treatment, and Denial of Adequate medical treatment, (Grievance: 10-10-2017 Staff cond and ADA Disability Accommodation, Depriv of Due Process,) Grievance 9-20-2017 that is a Emergency was Sent out on 10-29-2017 because its been over six months since you had my Emergency Grievance. Emergency Grievance: 10-10-2017 was Sent out on or around 10-24-2017 Could I please receive a response on both of my Emergency Grievance's, so I'm able to continue to Exhaustion of my Grievance procedure.

Emergency Grievance #1, 9-20-2017 Denial of inadequate medical treatment, That was Sent out on 10-29-2017 Emergency Grievance #2 STAFF Conduct, ADA Disability Accommodation, other, Depriv of Due process. Please help me with these issues Soon as possibly thank you for your assistance.

Andre Foster K-75298
A. Foster K-75298
58 - 14

STATE OF ___
COUNTY OF ___

Sworn to (or affirmed) and subscribed before me
this 20th day of 4, 2018 by Andre Foster

Notary Public's Signature    Sally A. Joos
                             Notary Name
My Commission Expires on 7-12-2020

OFFICIAL SEAL
SALLY A. JOOS
NOTARY PUBLIC, STATE OF ILLINOIS
My Commission Expires Jul 12, 2020

Exhibit A. 4

*Exhibit A 42*

ILLINOIS DEPARTMENT OF CORRECTIONS

**Administrative Review Board**
**Return of Grievance or Correspondence**

Offender: _Foster_ _Andre_ _K75298_
Last Name / First Name / MI / ID#

Facility: _Dixon_

☐ Grievance: Facility Grievance # (if applicable) _17-12-14_ Dated: _1/16/18_ or ☐ Correspondence: Dated: _____

Received: _2/13/18_ Regarding: _Request copy of grievance filed 9/20/17 & medical records_
Date

The attached grievance or correspondence is being returned for the following reasons:

**Additional information required:**
☐ Provide your original written Offender's Grievance, DOC 0046, including the counselor's response, if applicable.
☐ Provide a copy of the Response to Offender's Grievance, DOC 0047, including the Grievance Officer's and Chief Administrative Officer's response, to appeal; if timely.
☐ Provide dates when incidents occurred.
☐ Unable to determine nature of grievance or correspondence; submit additional specific information. Please return the attached grievance or correspondence with the additional information requested to: Administrative Review Board
Office of Inmate Issues
1301 Concordia Court, Springfield, IL 62794-9277

**Misdirected:** _Medical_
☑ Contact your correctional counselor or ~~Field Services~~ regarding this issue.
☐ Request restoration of Statutory Sentence Credits to Adjustment Committee. If the request is denied by the facility, utilize the offender grievance process outlined in Department Rule 504 for further consideration.
☐ Contact the Record Office with your request or to provide additional information.
☐ Personal property and medical issues are to be reviewed at your current facility prior to review by the Administrative Review Board.
☐ Address concerns in a letter to: Illinois Prisoner Review Board, 319 E. Madison St., Suite A, Springfield, IL 62706

**No further redress:**
☐ Award of Supplemental Sentence Credits are discretionary administrative decisions; therefore, this issue will not be addressed further.
☐ Administrative Transfer denials are discretionary administrative decisions; therefore, this issue will not be addressed further.
☐ Not submitted in the timeframe outlined in Department Rule 504; therefore, this issue will not be addressed further.
☐ Administrative Review Board received the appeal 30 days past date of Chief Administrative Officer's decision; therefore, this issue will not be addressed further.
☐ This office previously addressed this issue on _____ Date
☐ No justification provided for additional consideration.

Other (specify): _The grievance process is to be used for grievancy issues not requests for copies._

Completed by: Debbie Knauer _Debbie Knauer_ _2/22/18_
Print Name / Signature / Date

Distribution: Offender
Inmate Issues

*Printed on Recycled Paper* *Exhibit A-42* DOC 0070 (Rev.5/2017)

ILLINOIS DEPARTMENT OF CORRECTIONS
OFFENDER'S GRIEVANCE

To A.R.B on 5-10-2018
Exhibit A-43

| Date: 12-27-2017 | Offender: (Please Print) Andre FOSTER | ID#: K-75298 |
| --- | --- | --- |

Present Facility: Dixon Corr Center

Facility where grievance issue occurred: Dixon Corr Center

**NATURE OF GRIEVANCE:**

☐ Personal Property  ☐ Mail Handling  ☐ Restoration of Good Time  ☐ ADA Disability Accommodation
☐ Staff Conduct  ☐ Dietary  ☑ Medical Treatment  ☐ HIPAA
☐ Transfer Denial by Facility  ☐ Transfer Denial by Transfer Coordinator  ☐ Other (specify) DENIAL OF Adequate medical treatment

☐ Disciplinary Report: ___/___/___
Date of Report                    Facility where issued

Note:    Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
Chief Administrative Officer, only if EMERGENCY grievance.
Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

Summary of Grievance (Provide information including a description of what happened, when and where it happened, and the name or identifying information for each person involved): LAST TIME I/m FOSTER SEEN THE Dixon C.C medical STAFF N/P Tuell on or about 12-18-2017 I/m FOSTER mention To N/P Tuell how I/m FOSTER still EXPERIENCING much discomfort And Pain with Numbness in my lower back and neck with headaches, As well as Shortness OF breathe, and about my balance being OFF. Also I/m FOSTER Stated to N/P Tuell that the pain medication I/m FOSTER was prescribe are ineffective and the physical Therapy I/m FOSTER was requested to do only Caused more pain and discomfort. unFortunately N/P Tuell disregarded Every thing I/m FOSTER STATED To her about my health

Relief Requested: For my ongoing health issues, I need to See a Back and neck specialist, As well As a neurologist Doctor and To continue To See a psychologist help For my Shoulders.

☐ Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

Andre Foster                     K-75298        12,27,2017
Offender's Signature                  ID#              Date

(Continue on reverse side if necessary)

---

**Counselor's Response (if applicable)**

Date Received: ___/___/___    ☐ Send directly to Grievance Officer    ☐ Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277

Response: Inmate did have Pt ordered + his home exercises ordered after Pt discontinued for Pt 8/17/17. I/m is approved for meds eval. I/m does not determine plan of care. Providers do according to assessment Per Health care.

Tim Jacobsen                                    1,26,18
Print Counselor's Name          Counselor's Signature        Date of Response

---

**EMERGENCY REVIEW**           Exhibit A-43

Date Received: ___/___/___    Is this determined to be of an emergency nature?    ☐ Yes; expedite emergency grievance
☐ No; an emergency is not substantiated. Offender should submit this grievance in the normal manner.

_____                    ___/___/___
Chief Administrative Officer's Signature              Date

and concerns, by M/P Tuell stating, Back to I/m Foster
That she is NOT going to do Nothing For ME.

From I/m Foster ongoing Physical condition and being
denied adequate needed medical care For the Second Time
I/m FOSTER Lower back and neck, along with other health
issues like my Shoulder's I/m Foster Also ASK M/P Tuell To
Help I/m Foster with, This has been on Escalative Subsequent
Condition, Stemming From physical and mental trama
complication's It has cause I/m Foster Tremendous stress
pain From being denied adequate needed medical care
For I/m Foster health issues, I/m Foster have NO
confidence in Wexford health Source Inc, Also I/m
Foster Still haven't went out To See a Specialist Consultation
Or a MRI Testing.

X CSC98  Foster

A-85

RESPONSE TO OFFENDER'S GRIEVANCE

Grievance Officer's Report

Exhibit A 44

**Date Received:** 2-1-17      **Date of Review:** 3-5-17      _ **Grievance #** (optional): 18-2-2

**Offender:**    **Foster**      **ID#: K75298**

**Nature of Grievance:** Medical Treatment

**Facts Reviewed:** This Grievance Officer notes Inmate Foster's grievance regarding his request for back and neck specialist

In accordance with Department Rule 415, all treatment must be ordered by the Facility's Medical Practitioner and not a matter of inmate preference. This Grievance Officer has no authority to evaluate clinical decisions made by licensed physician.

Per Health Care Administration, offender is approved for a neck evaluations. Offender does not determine plan of care. Providers do accoording to assessment.

**Recommendation:** Based upon a total review of all available information, this Grievance Officer is reasonably satisfied Inmate Foster has access to health care and recommends no further action at this time.

cc: Health Care

James Martens / Grievance Officer
Print Grievance Officer's Name                          Grievance Officer's Signature
(Attach a copy of Offender's Grievance, including counselor's response if applicable)

| Chief Administrative Officer's Response |
| --- |

**Date Received:** 3 | 6 | 18      ☑ I concur      ☐ I do not concur      ☐ Remand

**Comments:**

Chief Administrative Officer's Signature                                          3 | 6 | 18
                                                                                                            Date

| Offender's Appeal To The Director |
| --- |

I am appealing the Chief Administrative Officer's decision to the Director. I understand this appeal must be submitted within 30 days after the date of the Chief Administrative Officer's decision to the Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277. (Attach a complete copy of the original grievance, including the counselor's response, if applicable, and any pertinent documents.)

A. Foster
Offender's Signature                          K-75298                  3 | 8 | 18
                                                            ID#                          Date

Exhibit A 44

Bruce Rauner
Governor



John Baldwin
Acting Director

Exhibit A45

### The Illinois Department of Corrections

1301 Concordia Court, P.O. Box 19277 • Springfield, IL 62794-9277 • (217) 558-2200 TDD: (800) 526-0844

Offender: _Foster, Andre_

ID# : _K75298_

Facility: _Dixon_

Date: _4/9/18_

This is in response to your grievance received on _3/26/18_. This office has determined the issue will be addressed without a formal hearing. A review of the Grievance, Grievance Officer/CAO response to the grievance has been conducted. For a grievance that is direct review by the ARB, a review of the Grievance has been conducted.

Your issue regarding: Grievance dated: _12/27/17_   Grievance Number: _18-2-2_   Griev Loc: _Dixon_

- ☐ Transfer denied by the Facility
- ☐ Dietary _____
- ☐ Personal Property _____
- ☐ Mailroom/Publications _____
- ☐ Assignment (job, cell) _____
- ☐ Commissary / Trust Fund _____
- ☐ Conditions (cell conditions, cleaning supplies, etc.) _____
- ☐ Disciplinary Report: Dated: _____ Incident # _____
- ☑ Other _Medical- treatment for neck & back pain_

**Based on a review of all available information, this office has determined your grievance to be:**

- ☐ Affirmed, Warden _____ is advised to provide a written response of corrective action to this office by _____
- ☐ Denied, in accordance with DR504F, this is an administrative decision.
- ☑ Denied, this office finds the issue was appropriately addressed by the facility Administration.
- ☐ Other: _____

- ☐ Denied as the facility is following the procedures outlined in DR525.
- ☐ Denied as procedures were followed in accordance with DR 420 for removal/denial of an offender from/for an assignment.
- ☐ Denied as this office finds no violation of the offender's due process in accordance with DR504.80 and DR504.30. This office is reasonably satisfied the offender committed the offense cited in the report.

FOR THE BOARD: _Debbie Knauer_
Debbie Knauer
Administrative Review Board

CONCURRED: _John R. Baldwin_
John R. Baldwin
Acting Director
4/10/18

CC: Warden, _Dixon_ Correctional Center
_Foster_, ID# _K75298_

Exhibit A45

*Mission: To serve justice in Illinois and increase public safety by promoting positive change in offender behavior, operating successful reentry programs, and reducing victimization.*

**www.illinois.gov/idoc**

To: A.B.B.                                    Exhibit A-46

       This is a continuation on being Denied adequate medical treatment by dixon corr. center medical staff.

       I/m Andre Foster been having issues with N/P Tuell, she denied inmate Foster a seriouse medical need, when I had a visit with her on 12-15-2017, about offender back pain, neckpai Numbness on the left side of his body From arm down to his feet, and balance being off, As well as standing for a long time make my legs give out and back. Also offender been stressing to medical staff about the medication I/m foste been prescribe with, that I have to take at the Health care medline 3, Times a day, and including the medication I have in my possessior this medication's has been affecting my health and has been ineffective with dealing with I/m foster pain. I/m foster been dealing with pain's these health issue's for going on a year's half, and Shaulders issue's for over 6 years, while offender was seeing N/P Tuell she stated to I/m foster that she wasn't going to help Foster with medical treatment. As the Record Reflect, from this date 12-15-2017 I/m foster havun't receive any more treatment for his pain or havent seen a doctor, while continuing to Receive the Same medication and medical treatment. I/m foster had to put back in for Sick call Constantly complaining about my health issue's and

Exhibit A46?

pain & Suffering. According to the supreme court
Prison officials Violate the constitution when they
intentionally deny or delay access to medical care.
Inadequate treatment, or intentionally interfere
with prescribe treatment, see Estelle vs Gamble
429 U.S. At 104-05 Emphisis added) see Also;
Lancaster vs. Monroe County. 116 F 3d at 1425
Clearly established that an official Acts with
Deliberate indifference when He/she knows
that an inmate is in serious need of medical ~~treatment~~
treatment for the inmates.

Also before seeing a neurologist specialist. I/m
foster need a M.R.I, But N/P Mershon stated to
offender that the reason why wexford denied
you for a MRI testing, Because wexford going
to let the neurologist order the MRI testing, with
this process it will continue to delay and stall
I/m foster to go out, because I/m foster is close
to his out date, I need medical treatment, I/m
foster have been Suffering Sever pain due to poor
& lack of medical treatment, which has caused
offender medical issues & condition to worsen.

Thank you Very much for                    3·18-2018
your time.                                 Andre Foster K-75298
                                           58-14

State of Illinois )
               )    SS.
County of Lee _____ )        Re: Law Suit 1983

## AFFIDAVIT

I, Andre Foster _____, do hereby state that the information contained herein is both true and correct to best of my knowledge and belief, and if called, I am competent to testify thereto..

Affiant, after first being duly sworn under oath states the following: This is my Amended complaint that I really need a lawyer, I have ask the law library personal here at Dixon corr center to help which I think they did to the best of their ability. But I need a pro-bono counsel to be appointed due to the medications and the lack of knowledge and experience I have with law. I need pro-bono counsel to succeed in my claim, I am pleading with this court pursuant to Pruitt v mote 503 F.3d 647 (7th cir 2007) which I believe that I have fulfilled the Federal civil procedure that reads. In reviewing a request under the Federal in forma pauperis statute for pro-bono counsel the question is not whether a lawyer would present the case more effectively than then pro se plaintiff rather the question is whether the difficulty of the case, factually and legally exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself 28 U.S.C.A § 1915(e)(1). Confirm with all included exhibits.

Further Affiant Says Not:

/s/ Andre Foster

Name: Andre Foster
Address: Dixon corr center 2600 North Brinton Ave, Dixon Ill 61021

Subscribed and Sworn to Before me on this 2 day of August, 20 18

NOTARY PUBLIC

OFFICIAL SEAL
SALLY A. JOOS
NOTARY PUBLIC, STATE OF ILLINOIS
My Commission Expires Jul 12, 2020

Andre Foster K-75?
2600 N. Brinton Ave
Dixon, IL. 61021



Legal mail

Clerk OF The Court
united states District Court
Northern District of Illinois
327. S. Court Street
Rockford, IL. 61101