# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| ANDRE FOSTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  3:18 C 50018 |
| | ) | |
| JENNY BRAUER, TONYA WOLFORD, | ) | Judge Rebecca R. Pallmeyer |
| SUSAN TUELL, KRISTINA MERSHON, | ) | |
| and NIKI MCCLUSKEY, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Defendant McCleskey's motion to dismiss [60] is granted.

## STATEMENT

Plaintiff Andre Foster was an inmate at the Illinois State Correctional Facility in Dixon, Illinois.  In this lawsuit, Foster, now represented by recruited counsel, contends that prison nursing staff (Defendants Wolford, Tuell, and Mershon) ignored his repeated complaints, causing delays in treatment for a painful inguinal hernia (Count I).  In a second count, Foster alleges deliberate indifference on the part of Niki McCluskey,[1] an X-ray technician at Dixon. Specifically, Foster describes an incident on June 15, 2017, while Foster waited with other inmates who had been scheduled for x-rays.  "While attempting to have the X-Ray administered," Foster alleges, he told Defendant McCluskey that he needed to urinate.  Foster also told McCluskey "that his medication caused frequent urination and that he needed to use the restroom immediately," but McCluskey told him "that if he chose to leave, Defendant McCluskey would ensure that he was placed at the back of the line, behind inmates with far less medical needs."  Foster did not "reach a restroom in time and urinated [on] himself."

Defendant McCluskey has moved to dismiss Count II.  She alleges these allegations do not support a claim of deliberate indifference to a serious medical need.  The court agrees. McCluskey cites cases holding that brief denial of toilet access does not constitute a violation of the Eighth Amendment. *See Castro v. Atchinson*, No. 3:13-cv-00303-JPG-PMF, 2015 WL 7184816, adopted at 2015 WL 7177015 (S.D. Ill. Nov. 16, 2015) (collecting cases); *Tabb v. Randle*, 10-479-MJR, 2011 U.S. Dist. 13302 at *8-9 (S.D. Ill. Feb. 10, 2011) (holding that a single instance where guards refused to let inmate use the restroom did not violate the Constitution).  This court will assume, nevertheless, that being denied access to the toilet is a humiliating and unpleasant at experience, presumably made worse in Foster's case due to the inguinal hernia he suffered from.  Foster's allegations demonstrate, however, that Defendant McCluskey did not refuse to let him use the restroom, nor did she suggest she would deny medical treatment should he do so.  She merely told him that if he chose to use the restroom, he would lose his place in line and would have to wait longer for his X-ray.  As McCluskey

---

[1]     Defendant asserts that her name is in fact Niki Bonnell; as this Defendant is referred to by the name McCluskey in the docket, the court uses that name for purposes of this ruling.

argues in reply, her conduct appears perfectly reasonable; to hold Foster's place in line while he used the restroom could well have delayed access to the X-Ray process for other inmates. (Niki Bonnell'e Reply [68] at 2.)   Foster does not say how he knows that those other inmates had "far less medical needs" or whether McCluskey herself was aware that Foster's circumstances were worse than others.  Even if he is correct that McCluskey should have held the line for him, her failure to do so cannot be characterized as deliberate indifference.  Nor has Foster alleged any physical injury resulting from the humiliation of urinating on himself, as required for a claim under 42 U.S.C. § 1997e(e).

McCluskey's motion to dismiss the claim against her [60] is granted.

ENTER:

Dated:  January 22, 2020

REBECCA R. PALLMEYER
United States District Judge